BRUCE T. IMES AND MIRIAM L. IMES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Imes v. Commissioner
Docket No. 20112-80
United States Tax Court
T.C. Memo 1982-95; 1982 Tax Ct. Memo LEXIS 650; 43 T.C.M. (CCH) 628; T.C.M. (RIA) 82095; February 23, 1982. Bruce T. Imes and Miriam L. Imes, pro se. Frances J. Elward, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Darrell D. Hallett, for hearing on January 6, 1982, at the Motions Session of the Court in Washington, D.C., on respondent's motion for summary judgment. After a review of the record, we agree with and adopt the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: This case came on for hearing on January 6, 1982, at Washington, D.C., on respondent's motion for summary *651 judgment. After review of the file, including the pleadings, affidavits and exhibits, and the transcript of the hearing on respondent's motion, and petitioner's reply to respondent's motion, we conclude that respondent's motion should be granted. Respondent determined deficiencies of $ 8,764, $ 10,424, and $ 11,768, and additions to tax for fraud under section 6653(b) [1] of $ 4,382, $ 5,212 and $ 5,884 with respect to petitioners' income tax for the calendar years ending December 31, 1976, 1977, and 1978, respectively. This case is before us on respondent's motion for summary judgment as to the underlying deficiencies and the additions to tax for fraud. On October 23, 1980, petitioners filed with this Court an informal letter which, by order dated November 3, 1980, the Court determined did not comply with the rules of the Court as to form and content of a proper petition. Petitioners were given until January 5, 1981, to file a proper amended petition on a form provided. On January 6, 1981, an amended petition was filed by petitioners. In the space provided for *652 petitioners to set forth the adjustments in the notice of deficiency with which they disagree, and the reasons for their disagreement, it is stated as follows: Was levied before notice of deficiency was received. I or Wife never signed a consent of assessment. Fraud is a bad word. Also attached to the amended petition were documents entitled "Memorandum in Support of Request for Immunity"; and "Request for Grant of Immunity." Respondent timely filed an answer in which he denied the substantive allegations in the petition and further alleged as follows: 7. FURTHER ANSWERING the amended petition, and in support of the determination that a part of the underpayment of tax which the petitioners are required to show on their income tax returns for the taxable years 1976, 1977 and 1978 is due to fraud, the respondent alleges: (a) The petitioners, during the taxable years 1976, 1977 and 1978, were engaged in the business of operating a sandwich shop under the name of "Mim's Hoagie Shop," as a sole proprietorship. (b) The petitioners failed to maintain, or to submit for examination by the respondent, complete and adequate books of account and records of their income producing *653 activities for the taxable years 1976, 1977 and 1978, although such information is essential to the determination of their correct income tax liabilities for those years and is required by the applicable provisions of the Internal Revenue Code of 1954 and the regulations promulgated thereunder. (c) The peitioners received taxable income for the taxable years 1976, 1977 and 1978 in the amounts of $ 23,589.00, $ 27,939.00 and $ 30,231.00, respectively, consisting of the items and amounts as follows: 1976
1977
1978
Net Profit from Mim's
Hoagie Shop
$ 25,739.00 $ 28,689.00 $ 30,981.00 Standard Deduction
( 1,400.00)
Exemptions
( 750.00)
( 750.00)
( 750.00)
Taxable Income
$ 23,589.00 $ 27,939.00 $ 30,231.00 (d) The income tax due and payable by the petitioners for the taxable years 1976, 1977 and 1978 are amounts of $ 8,944.00, $ 10,424.00, and $ 11,768.00, respectively. (e) The petitioners failed to file an income tax return for the taxable years 1976, 1977 and 1978, and failed to pay any portion of the income tax liability due from them for said years. (f) The petitioner, Bruce T. Imes, filed income statements with the Chamberburg *654 Wage Tax Collector, reflecting net profit earned by petitioners for the taxable years 1976, 1977 and 1978 in the amount of $ 25,739.00, $ 28,689.00 and $ 30,981.00, respectively. (g) That petitioners knew that they had taxable income for the years 1976, 1977 and 1978. (h) Petitioners timely filed a 1975 joint individual income tax return thereby evidencing their knowledge that they were aware of their duty to file returns for subsequent years. (i) That on March 1, 1977, petitioner, Bruce T. Imes sent a document to the Internal Revenue Center in Philadelphia, Pennsylvania, which purported to be his 1976 tax return. Said document did not constitute a tax return in that it presented no information from which the tax liability could be determined. (j) Petitioners intended to evade taxes which they knew or believed to be owing. (k) That there is an underpayment of tax resulting from petitioners' willful failure to file their tax returns for the years 1976, 1977 and 1978. (l) The petitioners' failure to file an income tax return and to report their correct taxable income for the taxable years 1976, 1977 and 1978 was due to fraud with intent to evade tax. (m) The petitioners' *655 failure to pay their income tax liability for the taxable years 1976, 1977 and 1978 was due to fraud with intent to evade tax. (n) A part of the underpayment of tax which petitioners were required to show on an income tax return for the taxable years 1976, 1977 and 1978 was due to fraud. Petitioners failed to file a reply to the answer to amended petition. Respondent timely moved for entry of an order that the undenied allegations in the answer be deemed admitted. That motion was served upon petitioners, together with a notice of hearing on the motion on June 18, 1981. Petitioners did not appear at the hearing or otherwise respond to respondent's motion, and the Court on July 22, 1981, entered an order granting respondent's motion and deeming admitted "the undenied allegations in the answer to amended petitions (subparagraph 7(a) through (n)." A copy of that order was served upon petitioners on August 4, 1981. On November 9, 1981, respondent filed this motion for summary judgment. In his motion, respondent contends that the pleadings establish that there is no genuine issue of material fact as to either the deficiencies or the additions to tax, and that respondent is entitled *656 to prevail as a matter of law. Respondent's motion was set for hearing on January 6, 1982. On that date, petitioner filed with the Court an informal letter and attached documents which the Court treated as petitioners' reply in opposition to respondent's motion for summary judgment. The Court also granted petitioners' request for additional time to submit more materials. In order to prevail on his motion, the respondent has the burden of demonstrating that there is no genuine issue as to any material fact, and that he is entitled to judgment as a matter of law. Gulf Stream Land and Development Co. v. Commissioner,71 T.C. 587, 596 (1979). While respondent bears a heavy burden in this regard, nonetheless, his motion should be granted if the Court is satisfied that no real controversy is present so that the remedy can serve "its salutory purpose in avoiding a useless, expensive, and time consuming trial where there is no genuine, material fact issue to be tried." Lyons v. Board of Education of Charleston,523 F.2d 340, 347 (8th Cir. 1975). We conclude that respondent has met that burden in this case and his motion should be granted. There are *657 essentially two issues in this case (1) Whether petitioners understated their tax liabilities in the amounts determined by the respondent; and (2) whether any part of the understatements are due to fraud. Petitioners have the burden of proof as to the first issue, while the respondent has the burden of proof on the fraud issue. Section 7454(a); Rule 142(b) Tax Court Rules of Practice and Procedure.[2] In regard to both issues, respondent relies upon the facts set forth in paragraph 7(a) through (n) of his answer. Under our rules, when respondent makes affirmative allegations in the answer and petitioner fails to reply to those allegations, the allegations are denied unless the respondent files a motion for an order that "specified allegations in the answer be deemed admitted," in which case the motion will be noticed for hearing. Rule 37(c). This procedure has the purpose of permitting the issues for trial to be narrowed, thus conserving the time and effort of both parties and the Court. In this case, respondent timely filed the motion as provided by Rule 37(c), petitioner failed to respond to the motion, and an order was entered deeming admitted the allegations set forth in *658 paragraph 7(a) through (n) of the answer. Specifically, it is now established that petitioners understated their tax liabilities as set forth in paragraph 7(c) through (e) of the answer. Likewise, the fact that a part of the underpayment of tax for each of the years involved was due to fraud is established by virtue of the allegations contained in paragraph 7(1) through (n). Those allegations, while worded in conclusory language, are, under our opinion in Doncaster v. Commissioner,77 T.C. 334 (1981), sufficient to satisfy the respondent's burden of proof as to the fraud issue. In reaching these conclusions, we have considered the written materials submitted by petitioners in response to the motion for summary judgment. Nowhere in these materials do petitioners address the fact that they simply ignored respondent's motion to have the allegations contained in the answer deemed admitted, and the Court's order directing petitioners to either reply to the allegations made by respondent, or suffer the consequences of having the *659 allegations treated as established facts. Indeed, petitioners filed nothing whatsoever until the day that respondent's motion for summary judgment was set for hearing. Further, the materials which petitioners have now submitted do not even allege that the income and deductions determined by respondent are erroneous, let alone set forth, by affidavit or otherwise, matters which, if presented at trial, would establish these allegations. Petitioners do state, in conclusory form, that they "never commited fraud," but they submit no evidentiary matters which would support this contention. [3]
More significantly, petitioners have simply ignored respondent's motion and the Court's order *660 deeming the affirmative allegations in respondent's answer admitted. These deemed admissions clearly preclude petitioners from pursuing any genuine issue of fact at trial, and therefore entitled respondent to judgment as a matter of law. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
3. Petitioners allege that they have paid the deficiency and additions to tax sought by respondent. Apparently, respondent made a jeopardy assessment and initiated collection action before issuing the notice of deficiency. However, under section 6213 these actions do not deprive this Court of jurisdiction to decide the case. Of course, any payments made before this Court's decision becomes final should be taken into account in determining how much is owed by petitioners for the years in question.↩