ANIELLO DELLACROCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dellacroce v. Commissioner
Docket No. 5896-77.
United States Tax Court
T.C. Memo 1982-243; 1982 Tax Ct. Memo LEXIS 499; 43 T.C.M. (CCH) 1297; T.C.M. (RIA) 82243; May 4, 1982. *499 Wallace Musoff and Juris G. Cederbaums, for the petitioner. William M. Gross, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This case is before us on petitioner's motion for summary judgment. Respondent opposed the motion by written response and a hearing was held on the motion in New York City. The Commissioner determined a deficiency in petitioner's income tax liability for the taxable year 1965 in the amount of $ 54,731 and additions to tax under the provisions of sections 6653(b) and 6654(a) of the Internal Revenue Code of 1954, as amended, in the respective amounts of $ 27,366 and $ 1,533. The statutory notice of deficiency states that the adjustment of $ 100,000 to petitioner's income is being made by reason of his receipt of that amount for services rendered in connection with the settlement of labor problems and insuring labor peace which amount was not reported as income. It also is based upon the conclusion that petitioner filed no income tax return for that year. In his petition, the petitioner alleged that he did not receive the $ 100,000 and that he is not liable for the additions to tax. The Commissioner, in his *500 answer, alleged that petitioner received the $ 100,000 for services rendered regarding labor peace for the Hoffman Products, Inc. of Newark, New Jersey. He also alleged that petitioner filed no income tax return for 1965 and that petitioner was liable for the additions to tax as set forth in the statutory notice of deficiency. No reply has been filed in this case. Petitioner served on respondent a request for production of documents upon which the statutory notice of deficiency was based and respondent admitted that he had no documents to support his determination. He further advised petitioner that his information as to petitioner's receipt of the $ 100,000 was provided to him by Frank Terranova and William Stone. Petitioner attached to his motion portions of the report of the special agent who investigated petitioner's income tax liability for 1965. Those portions consist of statements obtained by the special agent from Robert Sealfon, Frank Terranova, William Stone and Richard Bertoli. All of the statements are hearsay and there is nothing in the excerpts from the special agent's report which could be classified as direct proof that petitioner received the $ 100,000. *501 In response to petitioner's interrogatories, respondent admitted that he did not know the date or dates that the $ 100,000 was paid to petitioner and, further, that petitioner was a high echelon leader in organized crime, being an underboss of the Carlo Gambino "family." In addition he stated that Michael Catalano, a soldier in the Gambino family, was actively involved in the transaction in question. He also revealed that his principal witness would be the petitioner and that he might also call as a witness Michael Catalano. Petitioner attached to his motion for summary judgment his affidavit and that of Michael Catalano in which they both deny that petitioner received the $ 100,000. Petitioner, in his motion, argues that the Commissioner's determination is totally based upon unsupported hearsay, void of any proof and, therefore, arbitrary. Respondent, in his response, argues that a motion for summary judgment cannot lie because there is a genuine issue of material fact and that a statutory notice of deficiency can be based upon hearsay. Petitioner, Catalano and others were convicted of conspiracy in attempting to evade Dellacroce's income tax liability for the taxable *502 year 1968. The charges were that petitioner received shares of corporate stock in order to insure labor peace at Mr. Hanger, Inc. United States v. Catalano,491 F.2d 268 (2d Cir. 1974). The main thrust of petitioner's motion is that the Commissioner, with only hearsay evidence, has determined a tax liability against petitioner which requires petitioner to come into Court and attempt to prove a negative. He relies upon Weimerskirch v. Commissioner,596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), and Jackson v. Commissioner,73 T.C. 394 (1979). Petitioner's reliance upon Jackson v. Commissioner,supra, is misplaced. Although we found that the statutory notice of deficiency was arbitrary, we did not hold for petitioner as a matter of law. We held that as a procedural matter, the statutory notice of deficiency was not entitled to the presumption of correctness and, therefore, the burden of going forward was upon the Commissioner. Because the Commissioner introduced no evidence to support the deficiency, we held for the taxpayer. In addition, we declined to explore the parameters of *503 the "naked assessment" rule enunciated by the Court of Appeals in Weimerskirch v. Commissioner,supra.The cases relied upon by petitioner, therefore, do not support the proposition that if a statutory notice of deficiency is found to be arbitrary we will enter a decision for petitioner, without weighing the evidence. A motion for summary judgment will not be granted if there is a genuine issue of material fact. Gulfstream Land & Development v. Commissioner,71 T.C. 587 (1979). The existence of any reasonable doubt as to the facts will result in denial of the motion for summary judgment. Hoeme v. Commissioner,63 T.C. 18, 20 (1974). The pleadings establish that there are issues of fact to be decided, i.e., whether petitioner received the $ 100,000 and, if so, whether he fraudulently intended to attempt to avoid payment of income tax on such money. "Cases in which the underlying issue is one of motivation, intent, or some other objective fact are particularly inappropriate for summary judgment, as are those in which the issues turn on the credibility of the affiants." Conrad v. Delta Airlines,494 F.2d 914, 918 (7th Cir. 1974). *504 Both of the affiants in the instant case have been convicted of conspiracy in attempting to avoid the payment of petitioner's income tax for a subsequent taxable year under circumstances similar to the situation alleged in the instant case. There being genuine issues of material fact, petitioner's motion for summary judgment must be denied. An appropriate order will be entered.