**Ben ZUKE, Trustee in Bankruptcy of Midas Coin Company, Inc., Bankrupt, Appellant,**

v.

**ST. JOHNS COMMUNITY BANK, Appellee.**

No. 18812.

United States Court of Appeals Eighth Circuit.

Jan. 3, 1968.

Curtis L. Mann, St. Louis, Mo., for appellant; the firm of Love & Mann and Joe Bill Carter, St. Louis, Mo., were on the brief.

George J. Bude of Ziercher, Tzinberg, Human & Michenfelder, Clayton, Mo., for appellee and filed brief.

Before VAN OOSTERHOUT, GIBSON and HEANEY, Circuit Judges.

PER CURIAM.

This is an appeal by the bankruptcy trustee from final judgment of the District Court determining that St. Johns Community Bank obtained a valid lien superior to that of the bankruptcy trustee

upon United States coins having a numismatic value which were pledged to and placed in possession of the bank as security for a valid loan made to Midas Coin Company, now bankrupt. The Midas Coin Company was in the business of selling rare coins for a profit, and the coins pledged to the bank constituted part of its inventory and stock in trade for sale to customers in the regular course of business.

The problem presented is one of interpretation of the Uniform Commercial Code as adopted in Missouri and in effect at all times here pertinent. The vital issue is whether under the circumstances here presented the filing of a financing statement is required to perfect the bank's lien. No financing statement was filed. The trial court held that the coins pledged constituted goods in the form of inventory; that the exclusion of money from the definition of goods in § 400.9–105 V.A.M.S. would not apply to coins having a numismatic value which were held as inventory by the coin dealer, and that a valid pledge was made of the coins pursuant to § 400.9–305 V. A.M.S.; hence, under the exception contained in § 400.9–302(1) (a), filing was not required to perfect the bank's security interest and the lien of the bank upon the coins pledged to it and in its possession as security for the loan made to the bankrupt was a valid lien and took priority to any claim of the bankruptcy trustee.

The close question in the case is whether the money definition in § 400.1–201 (24) V.A.M.S. prevents the transaction here involved from being a valid pledge under § 400.9–305 V.A.M.S.

There are no authoritative decisions in Missouri or elsewhere which pass upon the precise question here presented. Judge Regan, who tried this case without a jury, has written an excellent and persuasive opinion fully determining the facts and setting forth a reasonable basis for the statutory interpretation he arrives at. Missouri law is controlling upon the statutory interpretation problem here presented. Nothing has come

to our attention which would lead us to believe that the controlling Missouri Supreme Court would arrive at an interpretation different from that reached by Judge Regan.

We affirm upon the issues just discussed on the basis of Judge Regan's well-considered opinion as reported at p. 193 to and including the first paragraph of p. 198 of 264 F.Supp. We do not reach or express any view upon the alternate ground of decision discussed by Judge Regan at pp. 198 and 199 of 264 F.Supp.

Affirmed.