Gary James JOSLIN, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 81–1374.

United States Court of Appeals,
Tenth Circuit.

Submitted Nov. 18, 1981.

Decided Dec. 9, 1981.

Gary James Joslin, pro se.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Richard Farber, and Richard D. Buik, Attys., Tax Div. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before SETH, Chief Judge and BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Gary James Joslin (taxpayer) appeals from a district court judgment dismissing his suit for a tax refund. The only issue on appeal is whether, for income tax purposes, a taxpayer who specifically bargains to be paid for his services in silver dollars must report them at their face value or at their higher numismatic value.

The facts are undisputed. The taxpayer, an attorney, agreed to provide his client with legal services if the client would pay him in silver dollars. The taxpayer rendered 20 hours of legal services and received 200 silver dollars as his fee. He admits that he routinely bills his services at the rate of 50 "one-dollar" Federal Reserve

notes per hour.[1] He also admits that since one silver dollar had a numismatic value of five Federal Reserve notes at the time his client paid him, his client could have paid him 1,000 Federal Reserve notes rather than 200 silver dollars. Nonetheless, the taxpayer reported only $200 as income from this transaction on his federal income tax return. He was assessed a $252 tax deficiency, the additional amount of taxes due if his income from this transaction was regarded as $1,000. He paid the assessment and brought suit in district court for a tax refund.

After a hearing before a United States Magistrate, the magistrate recommended to the district court that the suit be dismissed. Focusing on the value the taxpayer attributed to the silver dollars, the magistrate found that appellant "accepted as full payment for the services and in lieu of $1,000 in Federal Reserve notes 200 silver dollars." (R. I, 218). The district court accepted the magistrate's report and recommendation, and dismissed the suit with prejudice. This appeal followed.

■■ Although we have found no cases addressing whether silver dollars received for services are taxable at their face value or their higher numismatic value, general tax principles aid our analysis. Gross income certainly includes compensation for services. I.R.C. § 61(a)(1). If a taxpayer receives property other than cash as compensation, the taxpayer's income is measured by the property's fair market value. Treas.Reg. § 1.61–2(d)(1), T.D. 7554, 1978–2 C.B. 263. Unquestionably, a silver dollar has both a face value and a separate value reflecting the coin's numismatic worth. To this extent a silver dollar combines the characteristics of cash and property. When

a taxpayer bargains for and benefits from the higher market value of silver coins, he or she must include this amount in income. That silver dollars are designated legal tender with a nominal value of one dollar acceptable at the United States Treasury to discharge one dollar of debt, or exchangeable for a one dollar Federal Reserve note, does not require a different result.[2] *See* Rev.Rul. 76–249, 1976–2 C.B. 21; *cf. Warren C. Cordner v. United States*, [1980–1] U.S. Tax Cas. (CCH) ¶ 9441 (C.D.Cal.1980) (gold coin dividend taxed at numismatic value); California Fed. Life Ins. Co. [1976] Tax Ct.Rep.Dec. (P.H.) § 76.8 (U.S. gold coins accepted as payment for Swiss francs are evaluated for tax purposes at their numismatic value); Rev.Rul. 78–360, 1978–2 C.B. 228 (silver coins held by decedent valued for estate tax purposes at their fair market value). In the instant case the taxpayer in effect has admitted and the IRS has agreed that the silver dollars, at the time of the transaction, had a fair market value of five times their face value. Under the facts of this case, the taxpayer cannot claim that he intended to benefit or actually benefitted only to the extent of the coins' face value.

AFFIRMED.

---

1. Taxpayer insists that Federal Reserve notes are not "dollars" and carefully tailored his admissions to reflect this belief. We rejected this contention in *United States v. Ware*, 608 F.2d 400 (10th Cir. 1979), in which Mr. Joslin represented Mr. Ware.

2. Indeed, Congress has provided for the Treasury's sale of silver dollars at the fair market value of the coins, rather than at their face value. Bank Holding Company Act Amendments of 1970, P.L. 91–607, § 205, 84 Stat. 1769 (1970); Sen.Rep.No. 91–1084, 91st Cong., 2d Sess. *reprinted in* [1970] U.S.Code Cong. & Ad.News 5519, 5538–39.