Warren C. CORDNER and Evelyn C. Cordner, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 80–5459.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1982.

Decided March 15, 1982.

---

Thomas R. Sheppard, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., argued, for plaintiffs-appellants; Michael D. Fernhoff, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., on brief.

John A. Dudeck, Washington, D. C., argued, for defendant-appellee; M. Carr Ferguson, Michael L. Paup, Richard Farber, Richard D. Buik, Washington, D. C., on brief.

Before CHAMBERS, KENNEDY, and SCHROEDER, Circuit Judges.

KENNEDY, Circuit Judge:

Appellants own substantially all the outstanding shares of stock of First Thrift Investors, a California corporation, and they received 275 $20 Double Eagle gold coins as a corporate dividend distribution. The coins had been purchased by a First Thrift wholly-owned subsidiary at their fair market value and had been distributed to First Thrift Investors as a dividend. Appellants reported the dividend at the face value of the coins, $5,500, but, upon audit, the Commissioner of Internal Revenue charged appellants with a taxable dividend in an amount equal to the fair market value of the coins, which was $70,936. In the refund action brought by appellants below, after they had paid the deficiency under protest, the district court granted the Commissioner's motion for summary judgment.

Under section 301 of the Internal Revenue Code, the amount of any corporate distribution to non-corporate distributees, for dividend purposes, is "the amount of money received, plus the fair market value of the other property received." I.R.C. § 301(b)(1)(A). We have no difficulty in holding that the gold coins here, though legal tender and hence "money" for some purposes, are also "property" to be taxed at fair market value because they have been withdrawn from circulation and have numismatic worth. *California Federal Life Insurance Co. v. Commissioner,* 76 T.C. 107, 111 (1981) (gold coins, though legal tender, are property and not money for purposes of similarly worded I.R.C. § 1001(b), defining amounts realized from sale).

When legal tender, by reason of its value to collectors or the intrinsic worth of its contents, has a fair market value in excess of its face value or tender, then it should be deemed property other than money for purposes of section 301(b)(1)(A). *See California Federal Life Insurance Co. v. Commissioner, supra; cf. Joslin v. United States,* 666 F.2d 1306 (10th Cir. 1981) (per curiam), *aff'g* 81–2 U.S.T.C. (CCH) ¶ 9643 (D.Utah March 23, 1981) (silver coins received for legal services are taxed at fair market value). *See also In re Midas Coin Co., Inc.,* 264 F.Supp. 193 (E.D.Mo. 1967), *aff'd sub nom. Zuke v. St. Johns Community Bank,* 387 F.2d 118 (8th Cir. 1968) (treating coins having appreciated numismatic value as "goods" under Uniform Commercial Code).

AFFIRMED.