**John H. LARY, Jr. and Sherry S. Lary, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 87–7472
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 12, 1988.

John H. Lary, Jr., pro se.

Sherry S. Lary, pro se.

William F. Nelson, Chief Counsel, IRS, Washington, D.C., John B. Harper, District Counsel, IRS, Birmingham, Ala., Michael L. Paup, Chief Appellate Section, Tax Div., U.S. Dept. of Justice, William R. Rose, Jr., Michael C. Durney, Acting Asst. Atty. Gen., Gary R. Allen, Richard Farber, Douglas G. Coulter, Washington, D.C., for respondent-appellee.

Before HILL, VANCE and CLARK, Circuit Judges.

\* By Order of the Chief Judge, this case was reassigned to Judge Williams for decision and opin-

**297**

PER CURIAM:

Appellants John H. Lary, Jr. and Sherry S. Lary filed a timely notice of appeal from the decision of the Tax Court determining deficiencies in their taxes for the years 1978 and 1979.

We have carefully reviewed the record and the briefs filed by and on behalf of the parties. The Memorandum Findings of Fact and Opinion by Judge B. John Williams, Jr. filed March 26, 1987 adequately and correctly states the facts (which were stipulated) and the conclusions of law to be drawn from those facts.

The decision of the Tax Court is AFFIRMED on the basis of the Memorandum Findings of Fact and Opinion of Judge B. John Williams, Jr. attached hereto as an Appendix.

AFFIRMED.

## APPENDIX

T.C. Memo. 1987–169

John H. Lary, Jr. and Sherry S. Lary, Petitioners v. Commissioner of Internal Revenue, Respondent.

Docket No. 6218–84.

United States Tax Court

Filed March 26, 1987.

John H. Lary, Jr., pro se.

*Robert W. West,* for the respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WILLIAMS, Judge \*:

The Commissioner determined deficiencies in petitioners' Federal income tax as follows:

| Taxable Year Ended December 31 | Deficiency |
| --- | --- |
| 1976 | $25,064.00 |
| 1977 | 22,754.59 |
| 1978 | 22,024.46 |
| 1979 | 35,100.81 |
| 1980 | 23,792.76 |

ion.

After concessions,[1] the only remaining issue this Court must decide is whether the amount of petitioners' gross receipts is determined by the face value or the fair market value of United States Treasury ("Treasury") gold and silver coins and foreign and miscellaneous coins received from the sale of goods.

## FINDINGS OF FACT

All of the facts of this case have been stipulated and are so found. Petitioners are husband and wife and resided at Huntsville, Alabama at the time their petition in this case was filed.

During the years at issue petitioner John H. Lary ("Lary") owned and operated a sole proprietorship, Precious Objects, whose business was to trade such items as gold and silver coins, diamonds, jewelry and oriental rugs. With one exception, the inventory of Precious Objects was purchased with checks drawn on various commercial bank accounts maintained by Precious Objects or Lary. Lary recorded the cost of each of these items of inventory at the dollar amount of the check drawn for the purchase. The exception was the purchase of a strand of pearls on January 22, 1979 with silver dollars having a face value of $250.00; Lary included the cost of the pearls in inventory at the face amount of the silver coins exchanged for them.

Lary sold the items of inventory of Precious Objects in discrete transactions. He was paid in three different mediums of exchange: (1) Two sales were paid by checks drawn on commercial banks. Lary recorded as gross receipts from these sales the dollar amount of the checks received. (2) Two other sales were paid in foreign and miscellaneous domestic coins. Lary recorded as gross receipts from these sales a designated value for the coins received which is greatly below the fair market value of such coins. (3) All remaining sales were paid with Treasury gold and silver coins—double eagle twenty-dollar gold coins, silver dollars, and fractional dollar coins. Lary recorded as gross receipts from these sales the face value of the gold and silver coins received.

The fair market value of the Treasury gold and silver coins received by Lary for the sale of inventory of Precious Objects, attributable to the gold or silver content of the coins plus any numismatic value, was at least equal to the sum of the checks drawn by Lary to purchase the items sold, plus Lary's selling expenses. Similarly, the fair market value of the foreign and miscellaneous coins received by Lary from two sales by Precious Objects is equal to the sum of the checks drawn by Lary to purchase the items sold, plus Lary's selling expenses.

Petitioners reported a loss from the operation of Precious Objects of $37,878.00 on their Federal income tax return for 1978 and a loss of $16,263.00 on their return for 1979. These reported losses represent petitioners' computation of the excess of cost of goods sold over gross receipts, plus deductions for business expenses of the sole proprietorship.

## OPINION

Petitioners argue that Treasury gold and silver coins should, for Federal income tax purposes, be valued at their face value, while foreign coins, in general, are to be valued according to their precious metal content. Petitioners contend that, therefore, they incurred losses on the sales to the extent the cash paid for the items exceeds the face value of the Treasury gold and silver coins received from the sales.

Respondent argues that the Treasury gold and silver coins and foreign and miscellaneous coins received by petitioners have a fair market value far in excess of their face value. Respondent contends that for purposes of determining the amount realized from the sale pursuant to section 1001,[2] the coins received must be

---

1. In addition to specific concessions in the stipulation of facts, the parties agreed to be bound by the result of the 11th Circuit's opinion reported at 787 F.2d 1538 (11th Cir.1986).

2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.

classified as "property" rather than "money." For the reasons discussed below, we agree with respondent.

Section 1001(b) states that the amount realized from the sale of property "shall be the sum of any money received plus the fair market value of the property (other than money) received." The issue we must decide in this case is whether the coins received by petitioners from sales by Precious Objects are classified as "money" or "property (other than money)" within the meaning of section 1001(b). If the coins are money, then their face value determines petitioners' gross receipts from sales by Precious Objects. If the coins are property, however, their fair market value determines gross receipts.

Coins which are not currently circulating legal tender are property to be valued at their fair market value for purposes of section 1001(b). *California Federal Life Insurance Co. v. Commissioner*, 680 F.2d 85 (9th Cir.1982), affg. 76 T.C. 107 (1981). This result is unaffected by the fact that such coins may still be used as legal tender at their face value. When the fair market value of legal tender exceeds its face value, such legal tender is property other than money. *Cordner v. United States*, 671 F.2d 367, 368 (9th Cir.1982) (defining "property" for purposes of section 301(b)(1)(A)); see also *Joslin v. United States*, 666 F.2d 1306 (10th Cir.1981).

Petitioners concede that the value of the coins received is far in excess of their face value, and that the fair market value of such coins is at least as great as the cost of the items sold by Precious Objects plus Lary's selling expenses. *Cordner v. United States, supra.* Lary actually benefited to the extent of their fair market value. *Joslin v. United States, supra.* Therefore, we conclude that the Treasury gold and silver coins and the foreign and miscellaneous coins received by petitioners from sales by Precious Objects are "property" within the meaning of section 1001(b), and are to be valued at their fair market value for purposes of section 1001. Petitioners thus did not suffer any loss from the operation of Precious Objects for either 1978 or 1979.

Petitioners argue that pursuant to the Constitution of the United States, Congress is empowered to coin money and to regulate the value of the money coined, independently of whatever market value such money might possess. Further, by statute gold and silver coins are legal tender at their face value, and therefore respondent is obligated to accept as the value of such coins the amounts designated as their tender value by Congress. We disagree. These arguments were considered and rejected in *California Federal Life Insurance Co. v. Commissioner, supra,* and *Joslin v. United States, supra,* which we follow. Where coins have a fair market value in excess of their face value, their potential use as legal tender is irrelevant. *California Federal Life Insurance Co. v. Commissioner, supra.* It would be anomalous to hold that petitioners, though obtaining the benefit of the fair market value of such coins, could reap the benefit of a deduction for a loss which in substance does not exist.

To reflect concessions by the parties,

*Decision will be entered pursuant to Rule 155.*

## DECISION

Pursuant to the opinion of the Court filed March 26, 1987, and incorporating herein the facts recited in the respondent's computation as the findings of the Court, it is

ORDERED and DECIDED: That there are deficiencies in income tax due from the petitioners for the taxable years 1976, 1977, 1978, 1979 and 1980 in the amounts of $25,064.00, $22,754.59, $22,024.46, $35,073.71 and $23,792.76, respectively.