MARY DELILA KNUDSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Knudson v. Commissioner
Docket No. 618-81.
United States Tax Court
T.C. Memo 1982-179; 1982 Tax Ct. Memo LEXIS 570; 43 T.C.M. (CCH) 1014; T.C.M. (RIA) 82179; April 7, 1982. Mary Delila Knudson, pro se. Randall G. Durfee, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: This matter is before the Court on respondent's motion for summary judgment, which was filed herein on December 21, 1981, pursuant to the provisions of Rule 121 of the Tax Court's Rules of Practice and Procedure.[1] This motion was noticed for argument at a trial session of the Court at Ogden, Utah on March 1, 1982, and was argued by the parties on that day. In passing upon respondent's motion, a review of the salient record facts in this case would appear to be helpful: Under date of October 22, 1980, respondent issued a statutory notice of deficiency to petitioner, determining deficiencies in income tax and additions to tax for the years 1975, 1976 and 1977 as follows: Taxable Years
Deficiency
Section 6651(a)
Section 6653(a)
Section 6654
Ended
Additions
Additions
Additions
December 31, 1975
$ 1,957.00
$ 489.25
$ 97.85
$ 84.50
December 31, 1976
1,587.00
396.75
79.35
41.83
December 31, 1977
1,455.00
363.75
72.75
35.66
Total
$ 4,999.00
$ 1,249.75
$ 249.95
$ 161.99
*572 On January 12, 1981, petitioner timely filed a petition invoking the jurisdiction of this Court. In that petition, petitioner placed all the above deficiencies and additions in issue and, in addition, affirmatively pleaded the bar of the statute of limitations with respect to respondent's determinations of deficiency for the years 1975 and 1976. The petition purported to invoke the small claims procedures provided by section 7463 of the Internal Revenue Code, [2] except that petitioner conditioned her invocation of such small claims procedures upon the grant of a jury trial, by motion filed February 9, 1981, which was denied. The case was accordingly placed on the docket of this Court as a regular tax case. Respondent's answer was timely filed, denying all of the allegations of error raised in the petition, and defending against the claim of the bar of the statute of limitations raised by the petition, on the grounds that, since petitioner had filed no income tax returns for the years 1975 and 1976, respondent's notice of deficiency was *573 timely under the provisions of section 6501(c)(3). An intervening "motion to dismiss" by petitioner having been denied by the Court on March 26, 1981, respondent sought leave by motion to file an amended answer in this case, which was granted on November 13, 1981, and the amended answer was filed that day. In this amended answer, respondent alleged that, in addition to the amounts of unreported income determined in respondent's original statutory notice, petitioner had in fact received further and additional unreported income in the years in issue, as follows: 1975
1976
1977
Income
$ 58,770
$ 70,504
$ 38,821
Respondent further determined and alleged that such additional income was self-employment income within the meaning of section 1402(b), and was therefore subject to self-employment tax imposed by section 1401. By reason of such alleged additional income, respondent alleged that the correct deficiencies in income taxes, self-employment taxes and additions due from petitioner for the years 1975, 1976 and 1977 were as follows: 1975
1976
1977
Corrected Tax Liability
$ 35,233
$ 36,186
$ 20,466
Self-employment Tax
1,114
1,209
1,304
Total Corrected Tax
Liability
$ 36,347
$ 37,395
$ 21,770
Additions § 6651(a)
$ 9,087
$ 9,349
$ 5,443 § 6653(a)
1,817
1,870
1,089 § 6654
1,560
1,374
759
Total Deficiency plus
Additions to Taxes
$ 48,811
$ 49,988
$ 29,061
*574 Respondent prayed that decisions in the above amounts be entered against petitioner. Petitioner having filed no reply to respondent's amended answer, and respondent having failed to move with respect thereto, the affirmative allegations of respondent's amended answer were deemed denied, Rule 37(c), and the case was at issue. With respect to the deficiencies and additions determined in respondent's original statutory notice, the burden of proof is on petitioner; with respect to the additional income, taxes and deficiencies as claimed in respondent's amended answer, the burden of proof is on respondent. Neither side has made any contentions to the contrary. Welch v. Helvering,290 U.S. 111 (1933); Herbert Enoch v. Commissioner,57 T.C. 781 (1972); Rule 142(a). On November 13, 1981, respondent filed with the Court and served upon petitioner a request for admissions, under Rule 90, in which, inter alia, respondent requested petitioner to admit to the following facts: 1. That petitioner had filed no federal income tax returns for the years 1975, 1976 and 1977. 2. That petitioner was a beneficiary of a trust known as the "Joseph E. Moyle *575 Trust", from which she had received income in the years 1975, 1976 and 1977, in the exact amounts as determined in respondent's statutory notice of deficiency. 3. That during said years, petitioner had also received income from the Shaklee Corporation, of Emoryville, California in the amounts as alleged in respondent's amended answer. 4. That petitioner was unable to substantiate any expenses, deductions or credits in excess of those allowed by respondent in his statutory notice of deficiency herein. Petitioner's subsequent motions to strike respondent's request for admissions, and for clarification on the order of denial of said motion, were denied by the Court on December 2, 1981, and December 22, 1981, respectively. In the interim, this case was noticed for trial on the merits at the March 1, 1982, Trial Session of this Court at Ogden, Utah. Under date of December 21, 1981, respondent filed a motion for summary judgment under Rule 121, which is the motion under consideration herein, contending that the requested admissions in respondent's request for admissions should be deemed admitted because of petitioner's failure to respond, and that there were therefore no material *576 facts which were in dispute, so that the Court could decide this case as a matter of law. Notice of hearing of this motion at the Court's March 1, 1982, Calendar at Ogden, Utah was given to the parties. Between December 23, 1981, when notice of hearing of respondent's motion was served, and the hearing of argument on said motion in Ogden, Utah on March 1, 1982, petitioner filed a barrage of motions, including a "motion for discovery" (treated as a motion to compel); a motion for continuance of trial; a motion to dismiss for lack of jurisdiction; a motion for "suspension based on a newly discovered evidence"; a "motion for rehearing and redetermination"; and a "motion to supress respondent's motion for summary judgment" (treated as a statement under Rule 50(c)). In all these motions, petitioner advanced various baseless and unsupported allegations, together with numerous frivolous constitutional arguments, all of which have previously been decided adversely to petitioner's position in many prior cases of this Court. All such motions were denied. In addition, petitioner sent to the Court a further long and rambling argument entitled "Petition for Redress of Grievances", in which *577 similar meritless arguments based on alleged misconduct by respondent and other stale and frivolous constitutional arguments were advanced, which document was lodged but not filed by the Court. [3] In none of these rambling and frequently incoherent documents did petitioner make any attempt to address the factual issues in her case, as framed by respondent's statutory notice and the pleadings herein. Upon the argument of respondent's motion, on March 1, 1982, at the Court's Trial Session in Ogden, Utah, petitioner again resolutely refused to address herself to the issues which were before the Court on respondent's motion, and made no attempt to deny any of the facts which respondent had duly requested petitioner to admit in respondent's request for *578 admissions. Instead, petitioner again launched upon a long and incoherent argument, reiterating her prior demands for a jury trial, alleging without any substantiation that she was the object of a criminal investigation, and again denying the jurisdiction of this Court. Rule 90 of this Court provides for the type of request for admissions which respondent filed in this case. Subsection (c) of that rule further provides: Each matter [covered by the request for admission] is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (i) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (ii) an objection, stating in detail the reasons therefor. The response shall be signed by the party or his counsel, and the original thereof, with proof of service on the other party, shall be filed *579 with the Court. A denial shall fairly meet the substance of the requested admission…. The request for admissions filed by respondent herein cover fully all the essential facts necessary to a decision of this case. Petitioner having failed to respond fully and fairly to these requests, said facts are deemed admitted pursuant to the provisions of our rule quoted above. Freedson v. Commissioner,65 T.C. 333, 335 (1975). Rule 121(b) provides in part as follows: A decision shall… be rendered if the pleadings, answer to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law…. Respondent, as the party moving for summary judgment, has the burden of proving that no genuine issue as to any material fact exists, *580 and that he is entitled to judgment as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land and Development v. Commissioner,71 T.C. 587, 596 (1979). In addition, in this case, respondent has the burden of proof with respect to the additional income, deficiencies and additions as alleged in his amended answer; petitioner, however, has the burden of proof with respect to the determinations made in respondent's statutory notice. Rule 142(a). The facts deemed admitted by petitioner's failure to respond to respondent's request for admissions will serve to sustain respondent's burden. See Doncaster v. Commissioner,77 T.C. 334 (1981). Tested by the standard of Rule 121(b), quoted above, and in view of the facts which are deemed to be admitted for purposes of this case by petitioner's refusal to respond to respondent's request for admissions, we find that there are no genuine issues as to any material fact remaining in this case and that a decision in favor of respondent may be rendered as a matter of law. Accordingly, *581 respondent's motion for summary judgment will be granted, and An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. All section references herein are to the Internal Revenue Code of 1954 as amended, unless otherwise noted.↩
3. Such meritless "constitutional" arguments, included, inter alia, that the income tax laws do not apply to natural persons; that this Court has no jurisdiction; that petitioner is being deprived of property without due process of law; that the income tax is a direct tax on property which must be apportioned; that petitioner is being denied the right to a trial by jury; that Title 26, U.S. Code was improperly enacted, etc., etc.↩