ESTATE of Rollin E. MEYER, Sr., Deceased, et al., Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 73–1062.

United States Court of Appeals, Ninth Circuit.

Aug. 29, 1974.

Walter G. Schwartz (argued), San Francisco, Cal., for petitioners.

Richard Farber (argued), Tax Div., U. S. Dept. of Justice, Washington, D. C., for respondent.

## OPINION

Before BARNES and WALLACE, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM:

Messrs. Meyer, father and son, were general partners in a real estate partnership. They exchanged their partnership interests for a second real estate partnership in which the son was a general partner and the father was a limited partner. Both partnerships were involved in owning and renting apartments in the San Francisco area. Each claimed the exchange was of property of like kind and, therefore, nontaxable pursuant to section 1031(a) of the Internal Revenue Code of 1954. The tax court agreed with the son but not the father, resulting in this appeal by the father's estate. 58 T.C. 311 (1972). We affirm.

We review the decisions of the tax court under the same standards that we review the decisions of a district court:

> Subject to review by the Supreme Court on certiorari we have exclusive and final jurisdiction to review the decisions of the Tax Court on appeal "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." On such review, the findings of the Tax Court will not be disturbed unless clear error appears. And the burden is on the taxpayer to show such clear error.

Factor v. Commissioner of Internal Revenue, 281 F.2d 100, 109 (9th Cir. 1960), cert. denied, 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365 (1961) (footnotes omitted).

Since there is no dispute over the facts in the present case, we are faced only with the legal question of whether the property was of like kind within the meaning of section 1031(a). Although the statute does not define "like kind" the regulations do:

> As used in section 1031(a), the words "like kind" have reference to the nature or character of the property and not to its grade or quality. One kind or class of property may not, under that section, be exchanged for property of a different kind or class.

Treas.Reg. § 1.1031(a)-1(b). The tax court correctly concluded that a general partnership interest is of a different nature and character than a limited partnership interest. These interests are recognized under California law as different classes. A general partner has a broad spectrum of rights and liabilities while a limited partner is largely shielded from liability and his rights are generally limited to a right to inspect the partnership books, to an accounting, to have the partnership dissolved in certain situations and, under certain circumstances, to withdraw his contribution to the partnership. Cal.Corp.Code

---

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

§§ 15507, 15510, 15515, 15516 and 15517. He may not actively participate in running the business and his liability is generally limited to the amount of his investment. *See* Donroy, Ltd. v. United States, 301 F.2d 200, 208 (9th Cir. 1962).

Although the underlying property of both partnerships in this case was real estate, the father's interest in the second partnership was substantially changed and different from his interest as a general partner in the first partnership. His personal assets were no longer at stake. He was no longer involved in making the day-to-day decisions of the business. He had ceased to be a participant in the business and had become primarily an investor, dependent upon the efforts of others to make a profit. The different character of his ownership interest made it property of a different class rather than property of a different grade. We hold that an exchange of a general partnership for a limited partnership is not a like kind exchange under section 1031(a).

Affirmed.