GULFSTREAM LAND AND DEVELOPMENT CORPORATION AND SUBSIDIARIES, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 479–77    Filed January 22, 1979.

---

*Jules I. Whitman* and *Thomas E. Doran,* for the petitioners.
*Alan Summers,* for the respondent.

OPINION

GOFFE, *Judge:* The Commissioner determined deficiencies in the Federal income tax of petitioners for the taxable years ended September 30, 1973, and September 30, 1974, in the respective amounts of $272,354 and $2,183,413. We have this matter before us on petitioners' motion for partial summary judgment.[1]

Two issues are presented:

(1) Whether any material facts are in issue so as to preclude a decision on the substantive issue; and

(2) Whether the exchange of an interest in one joint venture for an interest in another joint venture qualifies for nonrecognition treatment pursuant to section 1031(a), I.R.C. 1954,[2] where both joint ventures were formed to develop and improve land, to build homes on the land, and to sell the homes.

Pursuant to Rule 121, Tax Court Rules of Practice and Procedure, petitioners filed an affidavit with exhibits in support of their motion. Petitioners' affidavit and the pleadings contain the facts used for the purpose of this motion. Rule 121(b), Tax Court Rules of Practice and Procedure. Relevant facts from petitioners' affidavit and the pleadings follow.

Petitioners filed a consolidated return for the taxable year

---

[1]Petitioners filed a motion for judgment on the pleadings pursuant to Rule 120, Tax Court Rules of Practice and Procedure. Respondent's notice of deficiency contained 26 adjustments to petitioners' income, substantially all of which are contested in the petition filed herein. Petitioners' motion related to only one of such adjustments to income and involved only the taxable year ended Sept. 30, 1974. Respondent moved that petitioners' motion for judgment on the pleadings be treated instead as a motion for partial summary judgment. We granted respondent's motion and therefore have this matter before us on petitioners' motion for partial summary judgment.

[2]All section references are to the Internal Revenue Code of 1954, as amended.

ended September 30, 1974, with the Office of the Internal Revenue Service, Chamblee, Ga. The controversy with which this motion is concerned involves three of the corporations which were party to such return, namely Gulfstream Republic Properties, Inc. (hereinafter Gulfstream Republic), Gulfstream University, Inc. (hereinafter Gulfstream University), and their common parent corporation, Gulfstream Land & Development Corp. (hereinafter Gulfstream). Gulfstream, a Delaware corporation, had its principal office in Plantation, Fla. and owned 100 percent of the outstanding shares of both Gulfstream Republic and Gulfstream University during the taxable year in issue. Gulfstream is a publicly held corporation and its stock is listed and traded on the American Stock Exchange.

In June 1971, Republic Properties, Inc., which is a Florida corporation unrelated to petitioners, and Gulfstream entered into an agreement whereby Gulfstream agreed to sell to Republic Properties, Inc., a one-half interest in approximately 300 acres[3] of land located in Plantation, Fla. Pursuant to the same agreement, Republic Properties, Inc., and Gulfstream each agreed to transfer their respective one-half interests in those 300 acres to a joint venture later designated the Nob Hill Co. Proceeding within the terms and conditions of the joint venture, Gulfstream assigned its entire interest in the Nob Hill Co. to its wholly owned subsidiary, Gulfstream Republic. Most prominent among the terms and conditions of the joint venture were these two: (1) That the joint venturers agreed to contribute capital in equal amounts; and (2) that the joint venturers agreed to share equally in the profits and losses. Neither joint venturer's potential liability was limited and no other characteristics of a "limited partnership" were evident.

In June 1972, All Seasons Development Corp., which is a Florida corporation unrelated to petitioners, and Gulfstream entered into an agreement whereby Gulfstream agreed to sell to All Seasons Development Corp. a one-half interest in approximately 216 acres of land located in Plantation, Fla. Pursuant to the same agreement, All Seasons Development Corp. and Gulfstream each agreed to transfer their respective one-half interests in those 216 acres to a joint venture later designated

---

[3]Twenty of these acres were later sold to Broward County, thus reducing the acreage to 280.

the Plantation Hills Co. Proceeding within the terms and conditions of the sales agreement, Gulfstream transferred its entire interest in the Plantation Hills Co. to its wholly owned subsidiary, Gulfstream University. Most prominent among the terms and conditions of the joint venture were these two: (1) That the joint venturers agreed to contribute capital in equal amounts; and (2) that the joint venturers agreed to share the profits in the same proportion as they contributed capital,[4] and to share the losses equally. Neither joint venturer's potential liability was limited and no other characteristics of a "limited partnership" were evident.

Republic Properties, Inc., and All Seasons Development Corp. were both controlled by the same individual. His corporations agreed to manage the development and construction and sale functions related to both joint ventures.

Under the agreement which created the Nob Hill Co., no terms specified the type of development contemplated. Under the agreement which created the Plantation Hills Co., the following development was contemplated:

1. The one hundred seventeen (117) acres zoned for single family residence shall be completely developed within four (4) years after the date of the closing as provided herein;

2. The sixty-eight (68) acres zoned for townhouses shall be completely developed within five (5) years after the date of the closing as provided herein;

3. The thirty-one (31) acres zoned for multiple dwelling shall be completely developed within seven (7) years after the date of the closing as provided herein.

The Nob Hill Co. and Plantation Hills Co. joint ventures were formed to engage in the trade or business of developing and improving land acreage in Plantation, Fla., building primarily single-family residential homes thereon and selling the improved lots and homes to buyers. Prior to July 18, 1974, the Nob Hill Co. had improved lots and had built and sold homes to buyers. The Plantation Hills Co. had improved lots and had obtained building permits for building homes thereon, but by July 18, 1974, had not built any homes.

---

[4]The joint venture agreement provided contingently that should one joint venturer make a contribution of capital in excess of that made by the other joint venturer, the joint venturer making the excess contribution could either increase his interest in the joint venture or place a lien on the other joint venturer's interest, in either case, in an amount reflecting the excess of one joint venturer's contribution over the other's contribution. At all times pertinent to the instant controversy, the interests of the joint venturers remained equal, 50-percent interests.

On July 18, 1974, Gulfstream Republic exchanged its joint venture interest in the Nob Hill Co. for the joint venture interest of All Seasons Development Corp. in the Plantation Hills Co. Following the July 18 exchange, Gulfstream Republic and Gulfstream University were coventurers in the Plantation Hills Co., and Republic Properties and All Seasons Development Corp. were coventurers in the Nob Hill Co.

On their return for the taxable year ended September 30, 1974, petitioners reported no gain or loss from the exchange of joint venture interests described above.[5] Respondent disapproved petitioners' treatment of the exchange, classified the exchange as a taxable transaction in which gain was recognized, and determined a deficiency in income tax.

Respondent bases his determination on three contentions: (1) The parenthetical language of section 1031(a) was drafted to preclude the exchange of interests in a business organization from qualifying for nonrecognition treatment; (2) this exchange of partnership interests cannot qualify under section 1031 because of the nature of the underlying partnership assets; and (3) section 741 requires without exception to section 1031(a) that gain be recognized upon the sale or exchange of an interest in a partnership. Petitioners counter each of respondent's arguments and contend that *Estate of Meyer v. Commissioner*, 58 T.C. 311 (1972), affd. 503 F.2d 556 (9th Cir. 1974) (hereinafter *Meyer*), controls the outcome of this case and requires a decision that the exchange of joint venture interests qualifies for nonrecognition treatment pursuant to section 1031(a).

This Court addressed itself to facts similar to those found in the instant case when *Meyer* was decided. Messrs. Meyer, Sr. and Jr., were equal partners in a California partnership. They each exchanged portions of their interests in such partnership for interests in a California limited partnership. Meyer, Sr., exchanged a general partnership interest for a limited partnership interest; Meyer, Jr., exchanged a general partnership interest for a general partnership interest. Both partnerships had as their principal activities the ownership and operation of rental apartments in the San Francisco area.

---

[5]The only reference to the exchange occurred in a schedule entitled "Gross Profit Realized on Prior Year Installment Sales," which was appended to the return. Petitioners' total note balance and deferred profit as of Sept. 30, 1974, were reduced with the reduction explained as "Transfer of balance due on mortgage in exchange for undivided one-half interest in land in a tax-free exchange."

Petitioners argued that the exchanges met the requirements for nonrecognition set by section 1031(a); respondent argued that they did not meet those requirements. Specifically, respondent argued that the partnership interests involved in the exchanges were choses in action and thus within the parenthetical exclusion of section 1031(a). With respect to the exchange of the general partnership interest for the limited partnership interest, respondent argued that the like-kind requirement was violated.

We held that Meyer, Jr.'s exchange of a general partnership interest for a general partnership interest qualified for nonrecognition treatment under section 1031(a). We held that Meyer, Sr.'s exchange of a general partnership interest for a limited partnership interest did not qualify for nonrecognition treatment under section 1031(a) because it was not an exchange of property of a like kind. The opinion concluded with the following paragraph as caveat:

> Our decision herein is confined to a situation where both partnerships owned the same type of underlying assets—in this case, rental real estate. We also wish to emphasize that the parties have simply stipulated that the partnership interests involved were "general" or "limited." We express no opinion as to what our views would be if other types of underlying assets were involved, if there were variations in the businesses of the partnerships, or if we had before us the details of the particular undertakings by the partners and were in a position to determine whether such stipulated descriptive terms were accurate.

The exchange under scrutiny here is almost indistinguishable from that of Meyer, Jr., in the above case. The uncontradicted evidence before us shows that both the joint venture interest in the Plantation Hills Co. received by Gulfstream Republic and the joint venture interest in the Nob Hill Co. transferred by Gulfstream Republic were general partnership interests. See secs. 761 and 7701(a)(2). Both joint ventures owned the same type of underlying assets, namely land being developed for residential purposes. The undertakings by the joint venturers under each joint venture were substantially the same. Both joint ventures were actively engaged in the land development business. The only distinction between the facts here and in *Meyer* is that both joint venturers here owned land being developed and sold for residential purposes whereas the partnerships in *Meyer* both owned rental real estate.

Section 1031(a) provides as follows:

(a) NONRECOGNITION OF GAIN OR LOSS FROM EXCHANGES SOLELY IN KIND.—
No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.

In the above section, one component provides for nonrecognition of realized gain or loss on the exchange of like-kind property held for productive use or investment. The other component of the section parenthetically excludes certain property from nonrecognition treatment. In the instant case, respondent's first two arguments alternately address these two components. First, based on legislative history, respondent urges that the partnership interests exchanged are property described by the parenthetical of section 1031(a) and thus are excluded from nonrecognition treatment. Second, respondent argues that *Meyer* calls for the application of section 1031(a) to a constructive exchange of the underlying assets of the partnerships, that here the underlying assets of the partnerships were held by the partnerships as stock in trade rather than for productive use or investment and therefore that the exchange of partnership interests was not eligible for nonrecognition treatment.

In *Meyer*, respondent also argued that an exchange of partnership interests was barred from nonrecognition treatment by the parenthetical clause of section 1031(a). However, he there contended that the parenthetical exclusion applied because the partnership interests that were exchanged were choses in action. Here, respondent has expressly abandoned the argument that the partnership interests were choses in action. Instead, respondent now contends that the exchanged partnership interests are described in the parenthetical clause as "evidences of * * * interest." We disagree. Our opinion in *Meyer* is not based solely on a rejection of respondent's chose in action argument, but rather is founded on a broad analysis of the legislative history of section 1031(a). *Estate of Meyer v. Commissioner*, 58 T.C. 311, 313 (1972). To quote our opinion in *Meyer*, which was Court reviewed, "In our view, however, the clause excluding exchanges of stocks, bonds, etc., is not called into play by the facts of this case *and so* we decline to hold that the partnership interests involved were 'choses in action,' as used in the statute." (58 T.C. 311 at 313; emphasis added.) Relying on

our opinion in *Meyer,* we again reject respondent's argument that the parenthetical clause of section 1031(a) describes the partnership interests exchanged here. We decline to hold that the partnership interests involved were "evidences of interest" as used in the statute.

Having decided that the parenthetical clause of section 1031(a) does not include the joint venture interests which were exchanged, the exchange must be tested under the operative part of section 1031(a). Section 1031(a) applies to the property actually exchanged. Here, as in *Meyer,* partnership interests were exchanged, not the underlying assets of the partnerships. It is uncontradicted that the joint venture interests exchanged were of like kind. The joint venture interest in the Nob Hill Co. was held by Gulfstream Republic for productive use in trade or business; the joint venture interest in the Plantation Hills Co. was acquired by Gulfstream Republic to be held for use in trade or business. On the basis of these facts, all requirements of section 1031(a) are met in this case.

Respondent argues, however, that the assets of the Nob Hill Co. and the Plantation Hills Co. were held at all pertinent times as stock in trade, and therefore, that the exchange by Gulfstream Republic of a joint venture interest in the Nob Hill Co. for a joint venture interest in the Plantation Hills Co. does not merit nonrecognition treatment pursuant to section 1031(a). In *Meyer,* the concluding paragraph, which is fully quoted above, qualifies our decision that the exchange of one general partnership interest for another merits nonrecognition of gain or loss under section 1031(a). The paragraph indicates that we will analyze carefully the exchange itself and the partnership interests exchanged to determine whether section 1031(a) should apply and that moreover we will ensure that section 1031(a) is not abused when partnership interests are exchanged. The language referring to scrutiny of the underlying assets of the partnerships is directed to the detection of such abuse. As mentioned in *Meyer,* the legislative history behind section 1031(a) indicates clear congressional intent beginning with the Revenue Act of 1921 to exclude the exchange of stock in trade and other property held primarily for sale from nonrecognition treatment under section 1031(a). Sec. 202(c), Revenue Act of 1921, ch. 136, 42 Stat. 227; S. Rept. 275, 67th Cong., 1st Sess. (1921). Two property owners should not be able to bring an

exchange of stock in trade or other property held primarily for sale within section 1031(a) merely by contributing their property to respective partnerships and exchanging their partnership interests. Yet section 1031(a) focuses on the assets actually exchanged, which are partnership interests and not the underlying assets of the partnerships. To resolve this apparent dilemma, which did not exist under the facts of *Meyer* but which we foresaw there, we will apply the judicial doctrine that the form of a transaction will not be given effect for tax purposes if the substance of the transaction would yield a contrary tax result. *Gregory v. Helvering*, 293 U.S. 465 (1935); *Weiss v. Stearn*, 265 U.S. 242 (1924); *Redwing Carriers, Inc. v. Tomlinson*, 399 F.2d 652 (5th Cir. 1968). "Legislative words are not inert, and derive vitality from the obvious purposes at which they are aimed," *Griffith v. Helvering*, 308 U.S. 355 (1939). Our scrutiny of the underlying assets of the partnerships in *Meyer* was an application of this judicial doctrine of "substance over form" in the context of section 1031(a). There the assets met the test of such scrutiny since we found as facts that the underlying assets of the partnerships were rental real estate. The partnerships did not shield an exchange that otherwise would be outside of section 1031(a). Therefore, even though the form of the exchange here fills the requirements of section 1031(a), we similarly must look at the underlying assets of the Nob Hill Co. and the Plantation Hills Co. to decide whether the form of the transaction accurately reflects its substance.

In their brief, petitioners confuse respondent's "substance over form" argument with application of the "step transaction" doctrine. It sometimes may be appropriate to invoke the "step transaction" doctrine to recharacterize an exchange of partnership interests, for example, if a taxpayer forms a partnership with the sole intent and purpose of exchanging the interest so created. The approach to be taken in such a case is different from that taken in the instant case. If the "step transaction" doctrine were to apply, the illusory creation of a partnership interest would be ignored and we would not be faced with an exchange of partnership interests. In the instant case, the parties agree that the exchange was a bona fide exchange of partnership interests; the underlying assets of both partnerships are being scrutinized only to determine whether that bona fide exchange of partnership interests violates clear congressional

intent to exclude exchanges of stock in trade from qualification under section 1031(a).

Petitioners' arguments that we are precluded from scrutinizing the underlying assets of the partnerships are without merit. As a general proposition, petitioners insist not only that a distinction be made between the interests in a partnership and the assets of a partnership, but also that such distinction be absolute and without exception to judicial doctrines. Case law convinces us otherwise. See, e.g., *Crenshaw v. United States*, 450 F.2d 472 (5th Cir. 1971), revg. 315 F.Supp. 814 (N.D. Ga. 1970), cert. denied 408 U.S. 923 (1972)("substance over form," "step transaction"); *Harris v. Commissioner*, 61 T.C. 770, 782–783 (1974)("substance over form," "step transaction"); *Seyburn v. Commissioner*, 51 T.C. 578, 582–583 (1969)("substance over form," "assignment of income").[6] Note that all of these cases were decisive of issues under the Internal Revenue Code of 1954, arising subsequent to the enactment of sections 741 and 751. None of the cases cited by petitioners state the proposition that the application of judicial doctrines such as "substance over form" is improper in cases like the one before us. Rather, those cases merely are ones in which such doctrines were not applied. That such doctrines were not applied does not lead to the conclusion that their application was precluded. On the basis of the cases cited immediately above, we reject petitioners' objections to our use of the "substance over form" approach herein, and we will look at the underlying assets of the Nob Hill Co. and the Plantation Hills Co.

Respondent contends that the underlying assets of the joint ventures are held as stock in trade. On a motion for summary judgment, the moving party has the burden of showing that the facts of the case are not in issue. *Shiosaki v. Commissioner*, 61 T.C. 861, 863 (1974). Under Rule 121, Tax Court Rules of Practice and Procedure, "the existence of any reasonable doubt as to the facts at issue must result in the denial of the motion." *Hoeme v. Commissioner*, 63 T.C. 18, 20 (1974). Whether or to what extent the underlying assets of the Nob Hill Co. and the Plantation Hills Co. are stock in trade or other property held primarily for sale is a question unresolved on the facts before us. We hold that

---

[6]See also *Hale v. Commissioner*, T.C. Memo. 1965–274 ("substance over form," "assignment of income") (issue No. 1 therein).

such question is one of material fact because its resolution is necessary to a decision that the judicial doctrine of "substance over form" does not preclude application of section 1031(a).

Accordingly, petitioners' motion for partial summary judgment will be denied.

*An appropriate order will be entered.*