600 F.2d 760
 79-2 USTC P 9478
 ALLSTATE SAVINGS & LOAN ASSOCIATION, Successor-in-Interest
to Metropolitan Savings and Loan Association of
Los Angeles, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 77-3221.
 United States Court of Appeals,
Ninth Circuit.
 July 13, 1979.
 
 Robert J. Wynne (argued), Hill, Wynne, Troop & Meisinger, Los Angeles, Cal., on brief, for petitioner-appellant.
 M. Carr Ferguson, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., on brief, for respondent-appellee; Richard Farber, Tax Div., Dept. of Justice, Washington, D. C., argued.
 Appeal from a Decision of the United States Tax Court.
 Before TRASK, GOODWIN and SNEED, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 Appellant-taxpayer, Allstate Savings and Loan Association, appeals to set aside a Tax Court judgment for the Commissioner. Appellant had sought a redetermination of alleged tax deficiencies for the years 1968 and 1969. On December 17, 1973, the Commissioner determined that appellant's predecessor-in-interest, Metropolitan Savings & Loan Association, had erroneously deducted under section 162(a) of the Internal Revenue Code, certain selling commissions and other expenses paid or incurred in selling foreclosed security property. The Commissioner further determined that such post-foreclosure expenses should be treated under section 595 as costs of disposing of security property, thereby reducing Metropolitan's reserve for bad debts for those years. The Tax Court agreed with the Commissioner's construction of the applicable statutes. The Tax Court opinion is reported at 68 T.C. 310 (1977). Our jurisdiction is derived from section 7482 of the Internal Revenue Code of 1954. We affirm.
 
 
 2
 All the facts are stipulated and are set forth in the Tax Court opinion in 68 T.C. at 311-12. A condensed statement of these facts is as follows:
 
 
 3
 During the tax years 1968 and 1969, Allstate's predecessor, Metropolitan Savings and Loan Association (Metropolitan), reported its income on a cash receipts and disbursements method of accounting and used the reserve method in computing its bad debt losses, pursuant to section 593(a) and section 166(c) of the Internal Revenue Code of 1954.
 
 
 4
 During the 1968 tax year, Metropolitan sold forty tracts of foreclosed real estate at an aggregate gross selling price of $4,262,000, incurring direct post-foreclosure expenses, including real estate brokerage commissions, in the aggregate of $223,546. During tax year 1969, Metropolitan sold 17 foreclosed tracts at an aggregate gross selling price of $1,532,593, incurring direct post-foreclosure expenses in the aggregate of $37,764, including brokerage commissions totaling $11,573. On its tax returns for 1968 and 1969, Metropolitan deducted the brokerage commissions and other post-foreclosure expenses under section 162(a) of the Code.
 
 
 5
 The Commissioner, in the notice of tax deficiency, determined that the commissions and other expenses incurred in selling foreclosed property were not deductible under section 162(a) but rather were required to be taken into account through increases in Metropolitan's reserve for bad debts, as costs of disposing of such property, under section 595 of the Code. This resulted in an increase of Metropolitan's 1968 and 1969 taxable income by the respective amount of the disallowed expenses and a corresponding decrease of such income, by reason of the additions to the reserve, in the amount of $134,128 for 1968 and $22,658 for 1969. Thus, the net effect of the Commissioner's action was to increase Metropolitan's 1968 taxable income by $89,418 and that of 1969 by $15,106. The alleged deficiencies primarily are the result of these adjustments.
 
 
 6
 Appellant contends that the Commissioner's adjustments are improper because (1) post-foreclosure expenses should be fully deductible under section 162(a) except where applicable state law makes the borrower accountable therefor to the lender, a situation not present in this case, (2) such expenses are "ordinary and necessary" expenses incurred by Metropolitan in carrying on its trade or business, and (3) the term "amount realized," as used in the second sentence of section 595(b), means "the sum of money received plus the fair market value of the property (other than money) received" undiminished by foreclosure expenses.
 
 
 7
 The Commissioner's arguments essentially rest on the propositions that selling expenses generally reduce the amount realized on the disposition of a capital asset, See Woodward v. Commissioner, 397 U.S. 572, 574-75, 90 S.Ct. 1302, 25 L.Ed.2d 577 (1970), and that only by so treating expenses such as foreclosure expenses can the purposes of section 595 be achieved. The latter is true, the Commissioner argues, because section 595 treats the foreclosure and sale of property as a single transaction consisting of repayment of the debt in which foreclosure expenses reduce the amount so repaid.
 
 
 8
 This case presents precisely the type of issues with respect to which we should accord substantial deference to the Tax Court. The resolution of such technical issues affecting a single industry is a task for which the Tax Court is well suited. For this reason alone we would be reluctant to overturn the Tax Court's judgment.
 
 
 9
 In this instance, however, we have analyzed the issues independently and find that we wholeheartedly agree with the Tax Court's decision and its accompanying reasons. We, therefore, affirm its judgment and adopt its analysis of the issues. It will serve no useful purpose to extend this opinion by repeating this analysis.
 
 
 10
 AFFIRMED.