HAROLD JOHN HARLAN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harlan v. Commissioner
Docket No. 11853-82.
United States Tax Court
T.C. Memo 1983-776; 1983 Tax Ct. Memo LEXIS 12; 47 T.C.M. (CCH) 765; T.C.M. (RIA) 83776; December 27, 1983. Michael A. Yost, Jr., for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121. [1] Respondent seeks summary judgment as to deficiencies he has determined in petitioner's Federal income taxes for taxable years 1978, 1979 and 1980, together with additions to tax, as follows: Additions to tax
Year
Deficiency
Section 6653(b)
Section 6654
1978
$1,658
$829
$39.56
1979
1,658
829
69.56
1980
1,672
836
102.52
The deficiencies are based upon petitioner's alleged failure to report taxable wage income for tax years 1978, 1979 and 1980, in the respective amounts of $10,598.75, $11,196.83, and $11,208.47, and upon respondent's determinations *13 that petitioner was filing in married/separate return status, and was entitled to only one exemption for the years in issue. The issues for decision on respondent's motion are: (1) whether petitioner failed to report taxable income from wages for the taxable years and in the amounts described above; (2) whether petitioner is liable for additions to tax under section 6653(b) for fraud; and (3) whether petitioner is liable for additions to tax under section 6654 for failure to pay estimated tax. In his petition, filed on June 1, 1982, petitioner challenged each of the deficiencies solely on the grounds, first, that his wage income was disclosed to respondent by representatives of his employer, rather than by himself, and second, that he was entitled to more than one exemption. In addition, petitioner challenged each of the additions to tax on unspecified constitutional grounds. Respondent answered on July 26, 1982, and on October 12, 1982, moved *14 for entry of an order pursuant to Rule 37(c) that the undenied allegations in its answer be deemed admitted. Petitioner failed either to reply to respondent's motion or to attend a hearing held on such motion on November 17, 1982, and by Order dated November 17, 1982, this Court granted respondent's motion as follows: For cause, appearing of record in the transcript of proceedings this date, it is ORDERED that respondent's motion, filed on October 12, 1982, is granted and the undenied affirmative allegations of fact contained in paragraphs 7. (a) through (n) [excepting only paragraph 7. (i)], [2] 8. (a) through (d) and 9.(a) through (d) of respondent's answer, filed on July 26, 1982, are deemed admitted for purposes of this case. Relying, in part, upon these deemed admissions, respondent on July 6, 1983, filed a motion for summary judgment under Rule 121 as to the deficiencies and additions to tax at issue, serving a copy thereof upon petitioner. Petitioner failed either to reply to such motion or to attend a hearing held on such motion on October 17, 1983. *15 The following findings of fact are based upon our consideration of the entire record herein, including those matters deemed admitted pursuant to our Order of November 17, 1982. On June 1, 1982, when the petition in this case was filed, petitioner resided in Williamsport, Pennsylvania. During taxable years 1978 through 1980, petitioner was employed as an automobile salesman at Kinley Subaru, Inc. (hereinafter referred to as "Kinley"), which was also located in Williamsport, and was married to Sylvia Harlan, who filed her own Federal income tax returns for those years. On May 3, 1979, respondent received from petitioner a Form 1040A pertaining to taxable year 1978, showing gross income of $10,598.75 and no tax liability based upon a declared "Vow of Poverty." On May 14, 1981, respondent received from petitioner a 1980 Form 1040 styled "Amended 1978 Return," and asserting constitutional objections under the Fifth Amendment to the disclosure of income and income tax liability. For his taxable years 1979 and 1980, petitioner filed with respondent Forms 1040, containing only constitutional objections under the Fifth Amendment to the disclosure of income and income tax liability, *16 and, in the case of the 1979 form, a claim for ten exemptions. For taxable years 1978, 1979 and 1980, petitioner received wage income from his employer, Kinley, in the respective amounts of $10,598.75, $11,196.83 and $11,208.47. Petitioner knew that he was required to report such wages as income during those years. Petitioner also knew that he was required to file Federal income tax returns which disclosed his correct income and income tax liabilities for 1978, 1979 and 1980. In 1978 and 1980, petitioner filed Forms W-4 with Kinley, claiming entitlement to an excessive number of exemptions. Petitioner has refused to meet or cooperate with respondent's representatives for the examination of his afore-described filings in 1978, 1979 and 1980, by failing to respond to inquiries made to him and/or by failing to appear for scheduled appointments. Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Adickes v. S.H. Kress & Co.,398 U.S. 144, 157 (1970); *17 Gulfstream Land and Development Corp. v. Commissioner,71 T.C. 587, 596 (1979). Pursuant to Rule 121(d), if, in response to a motion for summary judgment, an adverse party rests upon the mere allegations or denials of his pleading, failing to set forth specific facts showing that there is a genuine issue for trial, decision may be entered against him. Applying these standards to the deficiencies herein, in light of the foregoing facts, we conclude that petitioner's own deemed admission that he failed to report taxable wage income for tax years 1978, 1979 and 1980, resulting in tax liability in those years in the respective amounts of $1,658, $1,658 and 1,672, leaves no genuine issue as to any material fact remaining with respect to such deficiencies, and that respondent's motion for summary judgment thereon should be granted. This determination, which rests upon petitioner's deemed admissions, makes it unnecessary for us to address the cryptic objection expressed in the petition that "[i]ncome wages were not disclosed by petitioner, rather [sic] by a third party or parties representing [Kinley]." Turning to the fraud additions at issue, petitioner has been *18 deemed to have admitted, and we have found, that he knew both that he was required to file Federal income tax returns for the tax years at issue, disclosing his correct income and income tax liability, and that he was required to report his wages as income during those tax years, both of which indicate a fraudulent intent. See Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982). Further indications of fraud are found herein in petitioner's deemed admission that he filed Forms W-4 with his employer in 1978 and 1980, claiming entitlement to an excessive number of exemptions, Habersham-Bey v. Commissioner,supra at 313, and in petitioner's deemed admission that he refused to meet or cooperate with respondent's representatives relative to his filings for the tax years at issue, Grosshandler v. Commissioner,75 T.C. 1, 19-20 (1980). On the strength of petitioner's foregoing deemed admissions under Rule 37(c), we conclude that a portion of the underpayment of tax required to be shown on petitioner's returns for 1978, 1979 and 1980, was due to fraud. Doncaster v. Commissioner,77 T.C. 334, 337 (1981). No genuine *19 issue as to this addition therefore remains, and a decision for respondent may be rendered thereon as a matter of law. We must determine, finally, whether any genuine issue remains herein as to respondent's determination of additions to tax for 1978, 1979 and 1980, for petitioner's failure to pay estimated tax. By Order of this Court, petitioner's tax liability for those years, in the respective amounts of $1,658, $1,658 and $1,672 has been deemed admitted. This record also contains Forms W-2 issued by Kinley for petitioner, showing Federal income taxes withheld from petitioner's wages in the amounts of $337.40 in 1978, $0 in 1979 and $56.09 in 1980. It is clear on this record that petitioner paid no estimated tax during the tax years at issue. The imposition of an addition to tax under section 6654(a) with respect to the resulting underpayments is automatic, without regard to the reason therefor. [3] Accordingly, no genuine issue exists concerning respondent's imposition of the additions to tax under section 6654(a) for tax years 1978, 1979 and 1980. Respondent's motion for summary judgment should *20 be granted. An appropriate order and decision will be entered.
Footnotes
1. All statutory references herein are to sections of the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all references to the Rules are to the Tax Court Rules of Practice and Procedure, unless otherwise stated.↩
2. As to this paragraph, respondent withdrew at the hearing its motion that the allegations in its answer be deemed admitted.↩
3. See Parmenter v. Commissioner,T.C. Memo. 1981-299↩.