WAYNE HUSTON SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 32097-83.
United States Tax Court
T.C. Memo 1985-59; 1985 Tax Ct. Memo LEXIS 571; 49 T.C.M. (CCH) 711; T.C.M. (RIA) 85059; February 11, 1985. Wayne Huston Smith, pro se. Albert B. Kerkhove, for the respondent. *572 FAY
*1 MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's motion for summary judgment filed on December 3, 1984, pursuant to Rule 121. [1] A hearing on respondent's motion was held on *2 December 17, 1984, at the trial session of the Court in Omaha, Nebr. Respondent seeks summary judgment as to deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1980
$1,391
$695.50
$17.94
1981
6,970
3,485.00
495.17
In his notice of deficiency, respondent determined that petitioner had unreported income of $10,077.62 in 1980 and $25,329.62 in 1981. The issues on respondent's motion are (1) whether petitioner is liable for the deficiencies determined by respondent for 1980 and 1981, (2) whether petitioner is liable for additions to tax for fraud under section 6653(b), and (3) whether petitioner is liable for additions *573 to tax for failure to pay estimated tax under section 6654. Petitioner resided in Bellevue, Nebr., when he filed his petition herein. In his petition filed on November 14, 1983, petitioner challenged each of the foregoing deficiencies and additions to tax. The petition was amended on February 3, 1984. [2] Paragraph 4 *3 of the petition reads as follows: A. The respondent is in violation of the Privacy Act of 1974. Specifically in this case the ommision [sic] of the information as to whether the filing of a return is "mandorty [sic] or voluntary". Any act of fraud vitiates the obligations that one may or may not have to comply with any act. B.The Commissioner has not shown the liability on the part of the Petitioner pursuant to 26 U.S.C. 6011. C. The Secretary has not ever assessed a tax on Petitioner pursuant to 26 U.S.C. 6020. D. Petitioner has received nothing during the yrs. in question of a known tangible value that qualified as income and enjoys no grant of privilege or franchise. Respondent filed an answer to the amended petition on March 19, 1984. Thus, the pleadings are closed and respondent's *574 motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). Although the burden of proving that there is no genuine issue of material fact is on the moving party, Espinoza v. Commissioner,78 T.C. 412, 416 (1982), *575 pursuant to Rule 121(d), if, in response to a motion for summary judgment, an adverse party rests upon the mere allegations or *4 denials of his pleadings, failing to set forth specific facts showing that there is a genuine issue for trial, a decision may be entered against him. Applying these standards to the deficiencies herein, we conclude that respondent has established the following facts. During the years in issue, petitioner was employed by Rockwell International (Rockwell) in Kearney, Nebr. He received wages from Rockwell totalling $1,116.78 and $25,329.62 for 1980 and 1981, respectively. During 1980 petitioner also worked for Howland Manufacturing Corp. (Howland) and received wages totalling $8,960.84 for his services. Due to petitioner's claiming an excessive number of exemptions on his forms W-4, Rockwell only withheld Federal income taxes of $27.87 and $400.22 for 1980 and 1981, respectively, and Howland only withheld Federal income taxes of $702.17 for 1980. [3] Petitioner failed to pay any estimated tax for the years in issue. *576 Petitioner had filed a joint Federal income tax return with his wife Rose Smith for taxable year 1977. On that joint return, petitioner reported and paid taxes on the wages he received from Howland. Petitioner failed, however, to file tax returns for 1980 and 1981. *5 Petitioner also failed to maintain or submit to respondent his books and records when respondent investigated his income tax liabilities for 1980 and 1981. Petitioner, although given ample opportunity by this Court, has not provided material facts to dispute respondent's factual allegations. He has limited himself to advancing various protester-type arguments including that he "has received nothing during the yrs. in question of a known tangible value that qualified as income and enjoys no grant of privilege or franchise." This Court has stated on numerous occasions that earnings from one's services fall within the section 61 definition of gross income. Petitioner's frivolous contentions merit no discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983). Thus, we conclude that no genuine issue as to any material fact remains with respect to respondent's deficiency determinations, and *577 that respondent's motion for summary judgment thereon should be granted. The second issue is whether petitioner is liable for the additions to tax under section 6653(b). Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b). Respondent has shown that petitioner was aware of his tax liability as of the due date of each of his *6 returns for the years in issue. Petitioner filed a Federal income tax return in 1977, but then failed in each of the years in issue to timely file a joint or separate return or to make any payment toward his tax liabilities other than the insufficient amount of taxes withheld from his wages. See Habersham-Bey v. d Commissioner,78 T.C. 304, 312-314 (1982); Grosshandler v. Commissioner,75 T.C. 1, 19-20 (1980). Further indications of fraud are found in petitioner's filing Forms W-4 with his employers claiming *578 entitlement to an excessive number of exemptions. Finally, petitioner failed to maintain or to submit to respondent adequate records of his income-producing activities. We conclude that respondent has proven that petitioner's underpayment of tax for 1980 and 1980 was due to fraud. Thus, a decision for respondent may be rendered thereon as a matter of law. Finally, we must determine whether any genuine issue remains herein as to respondent's determination of additions to tax for failure to pay estimated tax under section 6654. When there has been a failure to pay or an underpayment of estimated tax, this particular addition as to years in issue is mandatory and no inquiry is made as to possible reasonable cause or lack of willful neglect. Bagur v. Commissioner,66 T.C. 817, 824 (1976). The record shows that petitioner only had $730.04 and $400.22 of Federal income taxes withheld from his wages in 1980 and 1981, respectively. The record is also clear that petitioner paid no estimated tax during the years in issue. Thus, we conclude that *7 petitioner underpaid his estimated taxes pursuant to section 6654 and that no genuine issue exists concerning respondent's *579 imposition of the additions to tax under section 6654(a) for the years in issue. [4]
Accordingly, respondent's motion for summary judgment will be granted in every respect. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Since petitioner failed to sign his original petition, respondent, on January 3, 1984, filed a Motion to Dismiss for Lack of Jurisdiction. The Court ordered on January 23, 1984, that petitioner may on or before February 20, 1984, file with the Court a duly signed amendment to his petition. On February 3, 1984, petitioner filed a signed amendment to petition that ratified and affirmed his original petition. Thus, on February 15, 1984, the Court denied respondent's previously filed Motion to Dismiss for Lack of Jurisdiction.↩
3. On three Forms W-4 filed with his employers during 1980 and 1981, petitioner claimed 10 exemptions, 31 exemptions, and finally "exempt" status from withholding.↩
4. In his notice of deficiency, respondent allowed petitioner a credit for the amount of taxes withheld in determining the estimated tax addition.↩