JOSEF ZOZAYA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zozaya v. Commissioner
Docket No. 1860-84.
United States Tax Court
T.C. Memo 1985-60; 1985 Tax Ct. Memo LEXIS 572; 49 T.C.M. (CCH) 713; T.C.M. (RIA) 85060; February 11, 1985. Josef Zozaya, pro se. Albert B. Kerkhove, for the respondent. *573 FAY
*1 MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's motion for summary judgment filed on December 3, 1984, pursuant to Rule 121. [1] A hearing on respondent's motion was held on *2 December 17, 1984, at the trial session in Omaha, Nebr. Respondent seeks summary judgment as to deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1978
$3,564
$1,782
$83.85
1979
3,572
1,786
143.75
1980
5,576
2,788
345.81
1981
11,542
5,771
793.65
In his notice of deficiency, respondent determined that petitioner had unreported income from wages as follows: Year
Wages
1978
$15,428
1979
17,207
1980
22,076
1981
34,414
Respondent also determined that petitioner had received pension income totalling $1,062 in 1978. The issues on respondent's motion are (1) whether petitioner is liable *574 for the deficiencies determined by respondent for the years 1978 through 1981, (2) whether petitioner is liable for additions to tax for fraud under section 6653(b), and (3) whether petitioner is liable for additions to tax for failure to pay estimated tax under section 6654. Petitioner resided in Kearney, Nebr., when he filed his petition herein. *3 In his petition filed on January 23, 1984, petitioner challenged each of the foregoing deficiencies in and additions to tax. Paragraph 4 of the petition reads as follows: A. The respondent is in violation of the Privacy Act of 1974. Specifically in this case the ommision [sic] of the information as to whether the filing of a return is "mandorty [sic] or voluntary". This whole act is an act of fraud. B. The Commissioner has not shown the liability on the part of the Petitioner pursuant to 26 U.S.C. 6011. C. The Secretary has not ever assissed [sic] a tax on Petitioner pursuant to 26 U.S.C. 6020. D. Petitioner has the right to trade his labor for like compensation. E. That wages are not income but private property to be disposed of WHICH ever way a citizen sees *575 fit as is my Constitutional right. F. Petitioner enjoys no grant of privilege or franchise. G. Petitioner is a law abiding citizen not infringing on anyone else' rights. Respondent filed his answer to the petition on March 23, 1984. Thus, the pleadings are closed and respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and a decision may be Rndered as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). Although the burden of proving that there is no genuine issue of material fact is on the moving party, Espinoza v. Commissioner,78 T.C. 412, 416 (1982), *4 pursuant to Rule 121(d), if, in response to a motion for summary judgment, an adverse party rests upon the mere allegations or denials of his pleading, failing to set forth specific facts showing that *576 there is a genuine issue for trial, a decision may be entered against him. Applying these standards to the deficiencies herein, we conclude that respondent has established the following facts. During the years in issue, petitioner worked in the Engine Components Division of the Eaton Corporation (Eaton) located in Kearney, Nebr. Petitioner received wages from Eaton totalling $15,427.99, $17,206.73, $22,076.12, and $34,414.39 during 1978, 1979, 1980, and 1981, respectively. Petitioner also received pension income from Eaton totalling $1,062 during 1978. Due to petitioner's claiming 28 exemptions of his Forms W-4, Eaton only withheld $750.03, $96.42, $118.90, and $947.55 of Federal income taxes for 1978, 1979, 1980, and 1981, respectively. Petitioner did not pay any estimated tax for those years. Petitioner had filed joint Federal income tax returns with his wife Jennie O. Zozaya for taxable years 1976 and 1977. On those joint returns, petitioner reported as income and paid taxes on the wages he received from Eaton. Petitioner failed, however, to file tax returns for any of the years in issue. Petitioner also failed to maintain or submit to respondent his books and records *577 when respondent investigated his income tax liabilities for the years in issue. *5 Petitioner, although given ample opportunity by this Court, has not provided material facts to dispute respondent's factual allegations. He has limited himself to advancing various protester type arguments including "that wages are not income but private property to be disposed of WHICH ever way a citizen sees fit as is my Constitutional right." This Court has stated on numerous occasions that earnings from one's services fall within the section 61 definition of gross income. Petitioner's frivolous contentions merit no discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983). Thus, we conclude that no genuine issue as to any material fact remains with respect to respondent's deficiency determinations, and that respondent's motion for summary judgment thereon should be granted. The second issue is whether petitioner is liable for the additions to tax under section 6653(b). Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. *578 Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b). Respondent has shown that petitioner was aware of his tax liability as of the due date of each of his returns for the years in issue. Petitioner filed Federal income tax returns in 1976 and 1977, but then failed in each of the years in issue to timely filed in joint or separate return or to make any payment toward his tax liabilities other than the *6 insufficient amount of taxes withheld from his wages. See Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982); Grosshandler v. Commissioner,75 T.C. 1, 19-20 (1980). Further indications of fraud are found in petitioner's filing Forms W-4 with Eaton claiming entitlement to an excessive number of exemptions. Finally, petitioner failed to maintain or submit to respondent adequate records of his income-producing activities. We conclude that respondent has proven that petitioner's underpayment of tax for 1978, 1979, 1980, and 1981, was due to fraud. Thus, a decision for respondent may be rendered thereon as a matter of law.
*579 Finally, we must determine whether any genuine issue remains herein as to respondent's determination of additions to tax for failure to pay estimated tax under section 6654. When there has been a failure to pay or an underpayment of estimated tax, this particular addition as to years in issue is mandatory and no inquiry is made as to possible reasonable cause or lack of willful neglect. Bagur v. Commissioner,66 T.C. 817, 824 (1976). The record shows that petitioner only had $750.03, $96.42, $118.90, and $947.55 of Federal income taxes withheld from his wages in 1978, 1979, 1980, and 1981, respectively. The record is also clear that petitioner paid no estimated tax during the years in issue. Thus, we conclude that petitioner underpaid his taxes *7 pursuant to section 6654 and that no genuine issue exists concerning respondent's imposition of the additions to tax under section 6654(a) for the years in issue. [2]
Accordingly, respondent's motion for summary judgment will be granted in every respect. *580 An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In his notice of deficiency, respondent allowed petitioner a credit for the amount of taxes withheld in determining the estimated tax addition.↩