STANLEY I. HERMAN and LINDA HERMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herman v. Commissioner
Docket No. 22676-81.
United States Tax Court
T.C. Memo 1985-557; 1985 Tax Ct. Memo LEXIS 75; 50 T.C.M. (CCH) 1397; T.C.M. (RIA) 85557; November 12, 1985. Philip S. Magaram and Jonathan A. Brod, for the petitioners. Steven M. Roth, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on petitioners' motion for partial summary judgment pursuant to Rule 121. [1] Respondent determined a deficiency of $158,198 in petitioners' Federal income tax for 1977. The notice of deficiency set forth seven adjustments to petitioners' income; two such adjustments, the decrease in the amount of capital gain and a corresponding increase in the amount of ordinary income, were addressed in petitioners' motion. The issue raised by petitioners' motion is whether the gain reported under the installment method in 1977 from the sale of real property by petitioners in 1976 is capital or ordinary in character. *76 Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Espinoza v. Commissioner,supra at 416; and Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). The opposing party is to be afforded the benefit of all reasonable doubt, and any inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion for summary judgment. Espinoza v. Commissioner,supra at 416. After reviewing the record herein and considering the memoranda of points and authorities submitted by the parties, we conclude for the following reasons that there remain genuine issues of material fact as to the issue *77 raised herein. Petitioners' motion for partial summary judgment is therefore denied. Petitioners, Stanley I. Herman and Linda Herman, resided in Beverly Hills, Calif., when they filed the petition herein. In 1976, petitioners sold certain real property (such transaction is hereinafter referred to as "the 1976 sale") and elected under section 453 to use the installment method and to thus report the gain from such sale as the installments of the proceeds were received. On their Federal income tax return for 1976, petitioners reported the gain from the installment proceeds they received in that year as capital gain. After conducting an examination of petitioners' tax return for 1976, respondent issued a notice of deficiency wherein he determined a deficiency of $101,111 in their Federal income tax for that year. Respondent's determination was based, in part, on his conclusion that petitioners were dealers with respect to the real property which was the subject of the 1976 sale and, consequently, that the gain therefrom constituted ordinary income. Petitioners thereafter commenced a case in this Court with respect to the notice of deficiency for 1976 (such case is hereinafter *78 referred to as "docket No. 13592-80"). Thereafter, before any trial or hearing was held, the parties reached a settlement in docket No. 13592-80, and this Court entered a stipulated decision whereby, pursuant to the agreement of the parties, it was ordered and decided that there was a deficiency in petitioners' 1976 Federal income tax in the amount of $3,759. In 1977, petitioners received an installment of the proceeds from the 1976 sale. Petitioners reported as capital gain on their income tax return the portion of gain from that year's installment. Respondent conducted an examination of petitioners' return for 1977 and issued a notice of deficiency wherein he determined, inter alia, that the gain recognized in that year from the 1976 sale was ordinary income. Petitioners argue in their motion for partial summary judgment that the stipulated decision in docket No. 13592-80 bars respondent's determination with respect to the character of the gain recognized in 1977. Petitioners base their argument on the principles of res judicata and collateral estoppel. Respondent argues, however, that neither principle applies. For the following reasons, we agree with respondent. The doctrines *79 of res judicata and collateral estoppel preclude parties from contesting matters which they have had a full and fair opportunity to litigate. Montana v. United States,440 U.S. 147, 153 (1979). Res judicata applies where a suit involves parties who had previously litigated the same cause of action in a prior suit. Such principle bars in a second suit the litigation of issues which have been actually litigated as well as issues which might have been litigated in the previous suit. Commissioner v. Sunnen,333 U.S. 591, 597 (1948). Where the second suit involves the same parties but a different cause of action, the doctrine of collateral estoppel bars in the second suit the litigation of only issues which were actually litigated and decided in the first suit. Commissioner v. Sunnen,supra, at 598. In determining whether the doctrines of res judicata and collateral estoppel are applicable in the area of Federal income tax, each taxable year is the origin of a new liability and of a separate cause of action because Federal income taxes are levied on an annual basis. Commissioner v. Sunnen,supra.Therefore, *80 a judgment on the merits with respect to any taxable year has the effect of res judicata as to issues raised in any subsequent proceeding involving the same claim and the same taxable year. If the later proceeding is concerned with a claim relating to a different taxable year, however, the doctrine of collateral estoppel will apply to bar the relitigation of only those matters actually presented and determined in the first suit. The notice of deficiency herein was issued for 1977 whereas the previous proceedings in docket No. 13592-80 related to 1976, a different taxable year. Since two taxable years are involved herein, the principle of res judicata does not apply. Therefore, if petitioners' motion is to be granted, it must be on the basis that the doctrine of collateral estoppel applies. In the Federal income tax area, the law is clear that a stipulated decision entered pursuant to the settlement of the parties without a determination on the merits by the Court does not have the effect of collateral estoppel as to any other year. In United States v. International Building Co.,345 U.S. 502, 505 (1953), the Supreme Court found that a decision entered pursuant *81 to a stipulation of the parties was only a "proforma acceptance by the Tax Court of an agreement between the parties to settle their controversy for reasons undisclosed." The Court there held that, although a stipulated decision entered by this Court with respect to the proper basis for depreciation of certain property was res judicata as to the taxable years addressed by the stipulated decision, it did not give rise to the application of collateral estoppel with respect to the other years in which depreciation deductions for such property were claimed. The Supreme Court reasoned that unless there was an adjudication on the merits in the prior proceedings, collateral estoppel would lead to unjust results whereby a decision not shown to be on the merits would forever foreclose inquiry into the merits. The application of collateral estoppel in the context of an installment sale was addressed by this Court in Warren Jones Co. v. Commissioner,68 T.C. 837 (1977), affd. 617 F.2d 536 (9th Cir. 1980). There, the principal issue in dispute was whether in computing the gross profit percentage for an installment sale the doctrine of collateral estoppel *82 bound respondent to a stipulated computation for entry of decision incorporated in a prior decision by this Court in Warren Jones Co. v. Commissioner,60 T.C. 663 (1973), revd. 524 F.2d 788 (9th Cir. 1975). In the stipulated decision, the parties used an improperly low gross profit ratio in calculating the amount of gain recognized by the taxpayer under section 453 from each payment. The taxpayer's tax liability was therefore reduced for the year adjudicated, 1968. Using the correct gross profit ratio, the Commissioner determined deficiencies with respect to 1969 and 1970. The taxpayer argued that the Commissioner was collaterally estopped from using a different gross profit ratio from that used in the stipulated computation. Relying on Commissioner v. Sunnen,supra, and Commissioner v. International Building Co.,supra, we rejected the taxpayer's argument and held for the Commissioner. We declined to apply the doctrine of collateral estoppel because the matter at issue was being litigated with respect to a party for the first time. We face a similar situation in the instant case. We have had no opportunity to decide *83 the correctness of respondent's determination with respect to either 1976 or 1977. No trial was held, no evidence was presented and no finding of fact was made. Docket No. 13592-80 was disposed of by means of a settlement between the parties. The stipulated decision in docket No. 13592-80 gives no indication as to the reason for the settlement. The record is devoid of any evidence that the issue of petitioners' "dealer status" was adjudicated or decided on the merits. The parties are, in effect, litigating such issue for the first time and hence, the doctrine of collateral estoppel is inapplicable here. [2] Accordingly, petitioners' motion for partial summary judgment is denied. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Unless otherwise stated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue. Respondent opposes petitioners' motion for partial summary judgment and the parties filed memoranda of points and authorities with this Court in support of their positions.↩
2. Petitioners argue that respondent should not be allowed to treat the same transaction in two different ways solely because more than one taxable year was involved. Although petitioners' position appears to serve judicial economy, the weight of the law is clearly against them.↩