WILLIAM SARCHAPONE AND JOANN SARCHAPONE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sarchapone v. Commissioner
Docket No. 753-82.
United States Tax Court
T.C. Memo 1983-446; 1983 Tax Ct. Memo LEXIS 350; 46 T.C.M. (CCH) 883; T.C.M. (RIA) 83446; July 27, 1983. Chester Kosarek, Jr., for the petitioners. Alfred Pierri, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This matter is before *351 us on respondent's motion for summary judgment pursuant to Rule 121 [1] filed April 29, 1983, and petitioners' oral motion for relief from deemed admissions under Rule 90(e). Both motions were heard at Newark, New Jersey on May 24, 1983. In a statutory notice of deficiency dated October 23, 1981, respondent determined the following deficiency in petitioners' Federal income tax and addition to tax: Addition to Tax
Year
Deficiency
[2] Sec. 6653(a) 1979
$3,080
$154
Petitioners William and Joann Sarchapone (husband and wife) were residents of Brooklyn, New York at the time they filed their petition in this case. They timely filed their joint 1979 Federal income tax return with the Internal Revenue Service Center in Holtsville, New York. On their 1979 return the petitioners claimed a $14,104 charitable contribution composed of $3,104 cash and $11,000 noncash to the Freedom Church of Revelation. The full amount of the *352 claimed contribution was disallowed by respondent. The deductibility thereof is the primary issue in controversy. On February 9, 1983, respondent served a Request for Admissions on petitioners pursuant to Rule 90. The requests for admissions were as follows: 1. Attached hereto as Exhibit A is a copy of a 1979 Form 1040 (and attachments) filed by petitioners as an income tax return for said year. 2. Petitioners filed no other Forms 1040 for the year 1979 either before or after the filing of the documents referred to in paragraph 1. 3. The employers shown on the Wage and Tax Statements (Form W-2s) attached to Exhibit B paid the wages shown thereon for the year 1979 directly to the petitioners, with no restriction on their use. 4. The facts as to the operation of the petitioners' chapter of The Freedom Church of Revelation are the same as those in the case of Ocejo v. Commissioner,T.C. Memo. 1983-48 (January 26, 1983). 5. The facts as to the operation of petitioners' chapter of The Freedom Church of Revelation are the same as those in the case of Noberini v. Commissioner,T.C. Memo. 1983-49 (January 26, 1983). Neither petitioners *353 nor the attorney who then represented them responded to the Request for Admissions. Because no response was received within the period specified by Rule 90(c), each matter contained therein was deemed to be admitted for purposes of this case. Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Rule 90(c) and (e). Accordingly, petitioners are deemed to have admitted that the facts concerning the operation of petitioners' local congregation of the Freedom Church of Revelation are the same as those in Ocejo v. Commissioner,supra, and Noberini v. Commissioner,supra.They have also admitted the facts set out in the first three paragraphs of respondent's Request for Admissions. Generally, under Rule 90(e), a fact which is deemed admitted is conclusively established. [3] But here the petitioners, by an oral motion made at the hearing on the summary judgment motion, asked the Court's permission under Rule 90(e) to withdraw or modify the facts deemed admitted. In support of their motion they argue that some of the admissions were in error and that the failure to respond thereto was *354 due to the inadvertence of their former counsel. Respondent opposed the motion. Rule 90(e) prescribes the circumstances under which this Court will permit withdrawal or modification of deemed admissions. See footnote 3, supra. Here we think that petitioners' reasons establish a sufficient basis for relieving them of the consequences of the fourth and fifth requests for admissions, primarily *355 because the facts deemed admitted by those two paragraphs are allegedly in error. Therefore, petitioners' oral motion will be granted in part and denied in part. However, our inquiry does not end there. We turn now to respondent's motion for summary judgment. A motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be entered as a matter of law." Rule 121(b). Petitioners contend that summary judgment is improper because the present case is distinguishable on its facts from Ocejo and Noberini. They assert, among other reasons, that those cases involved a vow of poverty as opposed to a claimed charitable contribution. Consequently, they contend that there are genuine issues of material fact to be resolved. For the reasons set out below, we agree with petitioners. Respondent, as the party moving for summary judgment, has the burden of demonstrating that no genuine issue as to any material fact exists. Adickes v. Kress and Co.,398 U.S. 144, 157 (1970); *356 Gulfstream Land and Development v. Commissioner,71 T.C. 587, 596 (1979). Any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. Adickes v. Kress and Co.,supra;United States v. Diebold, Inc.,369 U.S. 654, 655 (1962). However, if the Court is satisfied that no real factual controversy is present, the motion should be granted. Lyons v. Board of Education of Charleston,523 F.2d 340, 347 (8th Cir. 1975). A review of the record in this case indicates that the facts established in Ocejo and Noberini are insufficient for us to decide the deductibility of the claimed contribution to petitioners' "church". In both of those cases the taxpayers created local congregations of the Freedom Church of Revelation which were located in their homes, opened a "church" checking account over which they and family members had signatory power, and used the funds therein to pay personal living expenses. The taxpayers claimed that since they had taxen a "vow of poverty," the wages they earned were not taxable to them but properly belonged to the church. We cited *357 McGahen v. Commissioner,76 T.C. 468, 478 (1981), on appeal (3rd Cir., August 24, 1981), in rejecting that argument, and held that the salaries were earned by the taxpayers in their individual capacities. Here no vow of poverty exists. Instead, the copy of petitioners' Federal income tax return which respondent attached to his motion for summary judgment shows that petitioners are claiming a deduction for amounts allegedly paid to the Freedom Church of Revelation. Petitioners admit that they are the taxable recipients of all wages. Therefore, the pertinent facts which need to be established in this case before it can be resolved are: (1) whether there was a contribution; (2) whether petitioners can substantiate the amounts of the contribution; and (3) whether the contribution was made to a qualified charitable organization. See sections 501(c)(3), 262 and 170(c)(2); section 1.170A-1(a)(2), Income Tax Regs.; and McGahen v. Commissioner,supra.In short, these facts were not presented in the Ocejo and Noberini cases because we were not required to reach those issues. As a result, it appears that the controlling facts in this *358 case are different from those in Ocejo and Noberini.
In its present posture this case involves genuine issues of material facts which need to be resolved. Therefore, summary judgment at this point is improper, and respondent's motion will be denied. An appropriate order will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in question.↩
3. See, e.g., Brobeck v. Commissioner,T.C. Memo. 1980-192. Rule 90(e) provides: Any matter admitted under this Rule is conclusively established unless the Court on motion permits withdrawal or modification of the admission. Subject to any other orders made in the case by the Court, withdrawal or modification may be permitted when the presentation of the merits of the case will be subserved thereby, and the party who obtained the admission fails to satisfy the Court that the withdrawal or modification will prejudice him in prosecuting his case or defense on the merits. Any admission made by a party under this Rule is for the purpose of the pending action only and is not an admission by him for any other purpose, nor may it be used against him in any other proceeding.↩