GLENN W. BAGLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bagley v. Comm'r
Docket No. 5948-82. United States Tax Court T.C. Memo 1984-323; 1984 Tax Ct. Memo LEXIS 352; 48 T.C.M. (CCH) 363; T.C.M. (RIA) 84323; June 25, 1984. *352 Petitioner failed to file tax returns for the taxable years 1973 through 1976 and failed to answer respondent's request for admissions or to appear at trial. Held, respondent's oral motion to dismiss for lack of prosecution with respect to the underlying deficiencies and the sec. 6654, I.R.C. 1954, additions to tax is granted. Held further, respondent is entitled to summary judgment for the additions to tax for fraud since the facts deemed admitted by petitioner's failure to respond are sufficient to establish that no genuine issue as to any material fact exists. Glenn W. Bagley, pro se. Darren Larsen, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: By notice of deficiency dated December 28, 1981, respondent determined *353 the following deficiencies in, and additions to, petitioner's Federal income taxes: Addition to tax pursuant to
Year
Deficiency
sec. 6653(b) [1]
sec. 6654
1973
$1,829.13
$914.56
$58.39
1974
1,566.42
783.21
40.19
1975
10,302.10
5,151.05
448.78
1976
109.90
54.95
4.10
This case is before the Court on respondent's oral motion to dismiss for lack of prosecution pursuant to Rule 123. [2] At the hearing in the instant case, the Court granted respondent's motion to dismiss as to the deficiencies and the section 6654 additions to tax for each of the years in issue. This holding is based on the grounds that petitioner has defaulted by reason of his nonappearance at the hearing and/or has failed to carry his burden of proof. Doncaster v. Commissioner,77 T.C. 334, 336 (1981); Gilday v. Commissioner,62 T.C. 260 (1974); Rule 142(a). However, with respect to the additions to tax for fraud asserted by respondent in this case under section 6653(b), respondent has the burden of proving fraud by clear and convicing *354 evidence in order to support the additions to tax. Consequently, we will treat respondent's motion with respect to the additions to tax under section 6653(b) as a motion for summary judgment pursuant to Rule 121. As such, respondent, as the party moving for summary judgment, has the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). In the instant case, petitioner failed to file tax returns for any of the taxable years here at issue. In his notice of deficiency, respondent computed petitioner's taxable income for the taxable years 1973 through 1976 by reference to petitioner's bank deposits. Additionally, respondent determined that all or part of the underpayments of taxes for the taxable years in question were attributable to fraud and thus asserted the 50-percentum addition to tax provided by section 6653(b) for each of the taxable years. Petitioner filed a timely petition with this Court on March 16, 1982. [3] In his petition, petitioner asserted *355 that: 4) The determination of tax set forth in the said notice of deficiency is based upon the following errors: A) The amount allowed by the Commissioner for lawful deductions and expense is incorrect; B) The amount claimed by the Commissioner for gross income is incorrect; C) There was no net income from business or personal services and therefore no tax was due; D) No penalties are due for fraud or underpayment of taxes because there was no tax due and also because there was no intent to defraud the government. Petitioner believed that there was no income or tax due and therefore there was no requirement to file a return. In his petition, petitioner set forth the following facts as the basis for his case: A) Petitioner had more lawful deductions and expenses than what was allowed by the Commissioner; B) Petitioner's father loaned Petitioner approximately Forty Thousand Dollars ($40,000.00) Two or Three Thousand Dollars at a time charging no interest during this period and Petitioner has not been able to pay any of this back. Petitioner has no assets and has lost money *356 in every venture since his accident. It is believed that the above-mentioned sum has been included as income by the government agents. In effect, Petitioner's father was subsidizing Petitioner's business ventures. In his answer filed with this Court on May 13, 1982, respondent specifically denied each and every allegation set forth above in the petition.Additionally, respondent's answer contained affirmative allegations of fraud to which petitioner failed to reply. According to counsel, respondent subsequently sent a letter to petitioner requesting that he attend a conference in an attempt to achieve a settlement in the case. However, petitioner failed to attend the conference. Respondent also sent another letter to petitioner in December of 1982 requesting that he come in and talk about the case. Again, petitioner failed to either come in or reschedule the conference. On February 21, 1984 respondent filed with this Court and mailed to petitioner a request for admissions under Rule 90. The request was mailed to petitioner at 1816 Landis Street, Burbank, California 91504, the legal residence claimed by petitioner in his petition. In this document, respondent requested petitioner *357 to admit the following facts: 1. During the taxable year 1973 the petitioner operated Glenn's Bike Shop as a sole proprietorship. 2. Petitioner sold the bicycle shop to Mr. Doug Scott during the taxable year 1973. 3. Petitioner realized net gain on the sale of Glenn's Bike Shop of $3,210.65 in 1973. 4. During the taxable year 1972 through 1975 petitioner was the owner of an apartment building at 10054-10058 Pinewood, Tujunga, California, which he operated as rental property. 5. During the taxable years 1973 through 1975 petitioner was the owner of a residence located at 10232 Haines Canyon Road, Tujunga, California, which he operated as rental property. 6. Petitioner sold the apartment building and residence during the year 1975 and derived unreported taxable income from these sale transactions in the amounts of $5,479.22 and $5,000.00, respectively. 7. During the years 1973 through 1975 petitioner derived unreported taxable income from each of the aforementioned business activities. 8. During the taxable year 1976 petitioner derived unreported taxable income from his business activities. 9. During the taxable years 1973 through 1976 the petitioner failed *358 to maintain, or to submit for examination by respondent, complete and adequate books of account and records of his income producing activities as required by applicable provisions of the Internal Revenue Code of 1954 and the regulations promulgated thereunder. 10. Although requested to do so, petitioner failed and refused to make available to agents of respondent any records which he may have maintained. 11. The records maintained by or on behalf of the petitioner for the taxable years 1973 through 1976 were inadequate in that they failed to disclose all receipts and disbursements and did not properly reflect the correct taxable income for said years. 12. Petitioner, although aware of the recordkeeping requirement willfully [sic] failed to maintain adequate books and other records of account with respect to his income during the years at issue. 13. During the years 1973 through 1976 petitioner maintained checking account No. XX9-814 at the Magnolia Park Branch, Burbank, California of the Security Pacific National Bank. 14. During the years 1973 through 1976, the petitioner deposited to his checking account at Security Pacific National Bank the following amounts *359 of currency: Dates
1973
1974
1975
1976
1/01 - 1/29
$ 80.00
$1,381.61
$1,062.00
1/30 - 2/26
30.00
555.52
2,932.50
2/26 - 3/26
45.00
618.50
693.50
3/26 - 4/25
603.50
605.47
4/25 - 5/29
305.00
1,031.00
315.00
5/29 - 6/25
662.00
977.00
11,948.85
6/28 - 9/27
1,256.59
658.00
531.26
7/27 - 8/28
1,087.99
662.57
610.00
8/28 - 9/25
5,285.00
622.80
835.00
9/25 - 10/29
813.20
220.25
2,263.53
10/29 - 11/27
542.22
605.00
337.09
$2,082.50
11/27 - 12/31
599.50
1,716.00
13,000.00
Total
$10,706.50
$9,651.75
$35,134.20
$2,082.50
15. Each of the amounts deposited by the petitioner during the years 1973 through 1976 referred to in Request No. 14 above represents income taxable to the petitioner during said years. 16. The amount of petitioner's correct taxable income, the taxable income reported on his income tax returns (none filed), and the understatement of taxable income, for the years 1973 through 1976 are as follows: Gross Income (Bank deposits)
1973
1974
1975
1976
$10,706.50 $9,651.75 $35,134.20 $2,082.50 Less: Personal exemptions
(750.00)
(750.00)
(750.00)
(750.00)
Standard deduction
(1,000.00)
(1,000.00)
(2,300.00)
(300.20)
Taxable income
corrected
$8,956.50 $7,901.85 $32,084.20 $999.30 Taxable income
reported
able income
$8,956.50 $7,901.85 $32,084.20 $999.30 *360 17. Petitioner's understatement of income tax liability for the taxable years 1973 through 1976 is as follows: 1973 - $1,829.13; 1974 - $1,566.42; 1975 - $10,302.10; 1976 - $109.90. 18. The petitioner during the years 1973 through 1976 did not receive any gifts. 19. The petitioner during the years 1973 through 1976 did not receive any inheritances, legacies or devises. 20. The petitioner during the taxable years 1973 through 1976 did not receive any nontaxable or excludible income, receipts, cash or other assets. 21. The petitioner failed to file any income tax returns for the taxable years 1973 through 1976, and failed to pay any portion of the income tax liability due from him for said years. 22. The petitioner's failure to maintain complete and accurate records of his income producing activities and his failure and refusal to produce records or other information as to such income for the respondent in connection with the audit of petitioner's income tax returns for the taxable years 1973 through 1976 was fraudulent with intent to evade tax. 23. The petitioner's failure to file income tax return [sic] and to report his correct taxable income for the taxable *361 years 1973 through 1976 was due to fraud with intent to evade tax. 24. The petitioner's failure to pay his income tax liability for the taxable years 1973 through 1976 was due to fraud with intent to evade tax. 25. All or part of the underpayments of tax which petitioner was required to show on an income tax return for the taxable years 1973 through 1976 is due to fraud. 26. Petitioner is liable for the deficiencies in income taxes for the year [sic] 1973, 1974, 1975 and 1976 in the amounts of $1,829.13; $1,566.42; $10,342.10; and 109.90, respectively. 27. Petitioner is liable for additions to tax pursuant to I.R.C. § 6653(b) for the years 1973, 1974, 1975 and 1976 in the amounts of $914.56; 783.21; $5,151.05 and $54.95, respectively. 28. Petitioner is liable for additions to tax pursuant to I.R.C. § 6654 for the years 1973, 1974, 1975 and 1976 in the amounts of $58.39; $40.19; $448.78 and $4.10, respectively. Petitioner failed to respond to the request for admissions within 30 days or any time period thereafter. Rule 90(c) provides, in part, as follows: Each matter [covered by the request for admission] *362 is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (i) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (ii) an objection, stating in detail the reasons therefor. The response shall be signed by the party or his counsel, and the original thereof, with proof of service on the other party, shall be filed with the court. * * * Further, Rule 90(e) provides, in part, that any matter admitted under Rule 90 is conclusively established. Petitioner having failed to respond or object to respondent's requests, the facts set forth in the request for admissions are deemed admitted and are conclusively established pursuant to the provisions of our Rule 90(c) and (e) including the deemed admissions of paragraphs 22 through 25 because of the other allegations supporting the ultimate fact allegations in those paragraphs. Freedson v. Commissioner,65 T.C. 333, 334-335 (1975), *363 affd. 565 F.2d 954 (5th Cir. 1978). Rule 121(b) provides, in pertinent part, that -- [a] decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * It is well settled that the facts necessary to prove fraud may be established through the pleadings of the parties, motions filed, and orders entered with respect thereto. Doncaster v. Commissioner,supra;Gilday v. Commissioner,supra.In this case, material facts in respondent's request for admissions with respect to fraud have been deemed admitted by petitioner pursuant to Rule 90(c) and petitioner has failed to make an appearance or submit any evidence contradicting respondent's factual determinations. As we have previously recognized, there is no requirement that respondent present affirmative evidence of fraud, independent of the deemed admissions. Doncaster v. Commissioner,supra at 338. On the basis of the *364 pleadings and those matters deemed admitted in respondent's request for admissions, respondent has demonstrated that there is no genuine issue with respect to any material fact in this case. Accordingly, we find that respondent is entitled to a decision as a matter of law and that a summary judgment in respondent's favor is the proper procedure for disposing of the issue with respect to the additions to tax pursuant to section 6653(b) asserted by respondent in this case. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, for the years in issue.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner was a resident of Burbank, California at the time of filing such petition.↩