In re Richard J. GRASSGREEN, Debtor.

Richard J. GRASSGREEN and The Enstar Group, Inc., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 93–0640–BKC–3P1.
Adv. No. 96–231.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 30, 1996.

David Otero, Milam Otero Larsen Dawson & Traylor, P.A., Jacksonville, FL, for Grassgreen, plaintiff.

J. Marbury Rainer, Atlanta, GA, for Enstar Group, plaintiff.

Bruce Russell, Washington DC, for U.S., defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court on the Plaintiffs' Motion for Summary Judgment on Count I of the Complaint. Plaintiffs, Richard J. Grassgreen, on his behalf and as Trustee of the Estate of Richard J. Grassgreen (the "Debtor"), and The Enstar Group filed this Motion for Summary Judgment against defendant, United States of America, for its Internal Revenue Service, pursuant to Federal Rule of Bankruptcy Procedure 7056. The Court held a hearing on the Motion for Summary Judgment on July 3, 1996 and September 3, 1996. After considering (1) Plaintiffs' Verified Motion for Summary Judgment, (2) the declaration of Brian I. Bogin filed by defendant, (3) the Certificate of Official Record filed by the defendant, (4) the Opposition to Plaintiffs' Verified Motion for Summary Judgment filed by defendant, and (5) the testimony of Brian I. Bogin offered by the defendant at the September 3, 1996, hearing, the Court finds that there is no issue of material fact and will grant Plaintiffs' motion.

## FINDINGS OF FACT

The material facts in this proceeding are undisputed. On February 11, 1993, the plaintiff Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code. As the largest creditor of the Debtor's estate, and pursuant to a settlement of an adversary proceeding between the Debtor and The Enstar Group ("Enstar"), the plaintiff Enstar is the principal beneficiary and primary creditor affected by this proceeding. The Debtor, on behalf of the bankruptcy estate filed a federal income tax return for 1994 on January 30, 1995. The Debtor then filed an amended return for 1994 on March 27, 1995 and asked for a prompt determination under 11 U.S.C. § 505(b) in connection with the amended return. The taxes reflected on the amended return were paid in full. Under § 505(b), the defendant had 60 days from the date the amended return was filed to notify the Debtor that it had selected the amended return for examination. Instead of notifying the Debtor that the defendant had selected the amended return for examination, defendant mailed the Debtor's counsel a letter dated May 15, 1995, stating that the amended return had been accepted as filed. It was not until the defendant mailed Debtor's counsel a letter dated November 9, 1995, that the defendant contested the prompt determination. The November 9, 1995, letter states that the amended return contains material misrepresentations. The defendant subsequently abandoned its position asserted in the November 9, 1995, letter and instead maintains the amended return may contain material misrepresentations. It was not until the defendant sent a letter to counsel for the Debtor dated April 4, 1996, that the defendant notified the Debtor that the amended return had been selected for examination.

## CONCLUSIONS OF LAW

The parties agree that the defendant did not notify the Debtor within 60 days after his request for a prompt determination that the amended return had been selected for examination and the defendant did not complete any examination and notify the Debtor of any tax due within 180 days after the request. Further, the parties agree that the amended

return is not fraudulent. Accordingly, the only issue for this Court to resolve in this proceeding is whether the amended return contains a material misrepresentation. Otherwise, the trustee, the Debtor and any successor of the Debtor are discharged from any liability for the estate's federal income tax return filed in 1994.

### A. Summary Judgment Standard.

Pursuant to Federal Rule of Bankruptcy Procedure 7056, plaintiffs seek entry of summary judgment with respect to count I of the complaint. Rule 7056 incorporates Federal Rule of Civil Procedure 56, and provides that summary judgment "shall be rendered forthwith if ... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

This Court recited the standard for considering a motion for summary judgment in *In re Macks,* 167 B.R. 254, 256 (Bankr.M.D.Fla. 1994). In *Macks,* the Court stated:

This standard has been interpreted by the Supreme Court to mean:

'Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The facts in dispute must be *critical* to the outcome of the case and the dispute must be *genuine,* such that the evidence could support a verdict in favor of the non-moving party. *Id.* at 248, 106 S.Ct. at 2510; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment has the burden of demonstrating that no genuine issue as to any material fact exists, and that it is entitled to judgment as a matter of law. *Celotex Corp, supra,* 477 U.S. at 323, 106 S.Ct. at 2552, *Adickes v. S.H. Kress & Co.* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Gulfstream Land and Development v. Commissioner,* 71 T.C. 587, 596, 1979 WL 3690 (1979). Further, the facts relied upon by the moving party must be viewed in the light most favorable to the non-moving party so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. *Adickes v. S.H. Kress & Co., supra; United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

In opposing a motion for summary judgment, the other party may not simply rest upon mere allegations or denials of the pleadings: after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the other party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp., supra,* [477 U.S.] at 324, 106 S.Ct. at 2553.

Nevertheless, the motion must be granted if the Court is satisfied that no real factual controversy is present, so that the remedy can serve 'its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material issue to be tried.' *Lyons v. Board of Education,* 523 F.2d 340 (8th Cir.1975).

The standard for ruling on summary judgment motions 'mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judgment must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### B. Statutory Analysis.

In this proceeding, plaintiffs seek a determination that the Estate's federal income tax obligations for the 1994 tax year have been satisfied in full and the defendant is prohibited from conducting an examination in connection with that tax year. 11 U.S.C. § 505(b)(1) states:

(b) A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination to the governmental unit charged

with responsibility for collection or determination of such tax. Unless such return is fraudulent, or contains material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from any liability for such tax—

   (1) upon payment of tax shown on such return, if—

     (A) such governmental unit does not notify the trustee, within 60 days after such request, that such return has been selected for examination; or

     (B) such governmental unit does not complete such an examination and notify the trustee of any tax due, within 180 days after such request or within such additional time as the court, for cause, permits;

Accordingly, unless the defendant can show that the amended return contained a material misrepresentation, the Court must grant the Plaintiff's Motion for Summary Judgment.

### C. Application of Facts to the Law.

■ Because the moving parties have met their initial burden of coming forward with proof of the absence of any genuine issue of material fact, the defendant must make a sufficient showing of the existence of an essential element of that party's case on which the party bears the burden of proof at trial. In this proceeding, the defendant must show that there is a genuine issue as to whether the amended return contained a material misrepresentation. If the defendant cannot raise such a genuine issue, the Court must enter summary judgment in favor of the plaintiffs. The Court finds that the evidence presented by the defendant does not show that a genuine issue exists. The only supposed material misrepresentation specifically raised by the defendant is the omission on the amended return that the tax shown due on the original return was $1,630,202. The omission of tax shown on the original return, however, could not constitute the material misrepresentation that is required in order to relieve the defendant from its acceptance of the amended return under § 505(b) for four independent reasons. First, there is no requirement in the Internal Revenue Code or the Internal Revenue Service's regulations that an amended return must show the tax shown due on the original return. Second, the defendant has not pointed to any portion of the amended return that contains a material misrepresentation as required by § 505(b). Rather, the only specific complaint is an alleged material omission. Third, the amended return noted on each of its pages that it was in fact an amended return. The amended return also specifically contained an explanation of the differences between the income shown on the original return and the income shown on the amended return. Accordingly, the defendant was clearly notified that a prior return existed showing a higher level of income. The original return was within the possession and control of the defendant. Fourth, Brian I. Bogin, a revenue agent for the defendant, testified that he had knowledge of the amended return, and based on the amended return he would have notified the Debtor that the return had been selected for examination. Accordingly, his testimony directly contradicts the defendant's position that it did not select the amended return for examination because of a material misrepresentation contained in the amended return. Rather, Mr. Bogin's testimony supports the plaintiffs' position that the failure to notify the Debtor of the defendant's intent to examine the amended return was not caused by the content of the amended return. For all the foregoing and independent reasons, the defendant has not met is burden of raising a genuine issue as to the existence of a material misrepresentation in the amended return.

### CONCLUSION

■ Plaintiffs are entitled summary judgment on Count I of the Complaint. Because the amended return was not fraudulent and did not contain a material misrepresentation, the trustee, the Debtor and any successor to the Debtor are discharged from any liability for federal income taxes in connection with the estate's 1994 federal income tax return. Further, because no tax is due, the defendant may not examine that return. Summary judgment on Count I renders Count II of the complaint moot. The Court will enter a sep-

arate judgment consistent with these findings of fact and conclusions of law.